STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM LEE JOHNSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 14, 1975—Decided October 29, 1975.

Before Judges CARTON, CRAHAY and HANDLER.

*Ms. Randall W. Westreich,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Michael A. Noto,* Assistant Prosecutor, argued the caues for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

The opinion of the court was delivered by

HANDLER, J. A. D. Defendant William Lee Johnson was charged with possession of a controlled dangerous substance, contrary to *N. J. S. A.* 24:21–20. As a result of a guilty plea the defendant was sentenced to an indeterminate term at Yardville Youth Reception and Correction Center. This sentence was suspended and the defendant was placed on probation with the express condition that he be admitted to an in-patient drug treatment center. The trial judge also denied defendant's application for suspension of proceedings under *N. J. S. A.* 24:21–27, setting forth his reasons in a separate letter.

On this appeal defendant questions the judge's refusal to apply *N. J. S. A.* 24:21–27 by suspending proceedings and placing defendant under supervisory treatment.

It is urged that the statute mandates the suspension of criminal proceedings in every case where the judge has made the findings prescribed by *N. J. S. A.* 24:21–27(c) (1) and (2). Thus, it is asserted, if defendant's presence in the community or in a civil treatment center or program will not pose a danger to the community, and if the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit defendant, the judge is obligated under the statute to accord defendant supervisory treatment and may not impose conventional criminal sanctions.

■ It is recognized that the discretionary factual findings enumerated in *N. J. S. A.* 24:21–27(c) are an essential precondition to the availability of the suspension procedures of the statute. A judge, having made such findings under these legislative standards, is not then free to disregard or refuse to consider on an application the feasibility of conditional discharge and supervisory treatment as a viable alternative to a penal sentence. *Cf. State v. Pollara,* 130 *N. J. Super.* 119 (App. Div. 1974).

■ We do not subscribe to defendant's argument in this case, however, that the judge's statutory authority is circumscribed and defined solely by the conditional standards of *N. J. S. A.* 24:21–27(c) and that once those findings are made the judge's discretion is exhausted. On this point *State v. Bush,* 134 *N. J. Super.* 346 (Cty. Ct. 1974), relied upon by defendant, is incorrect and premised upon a misinterpretation of *State v. Pollara, supra.*

In the present case, the judge determined inferentially that defendant satisfied the criteria of *N. J. S. A.* 24:21–27(c). Nevertheless, he concluded that it was not suitable or appropriate that defendant be given the singular advantages of a conditional elimination or suspension of criminal handling and nonpenal supervision. The narrow issue, therefore, is whether this determination constituted an abuse or mistaken exercise of discretion warranting reversal or modification.

We are satisfied that the action of the trial judge was proper and appropriate. A full review of the record demonstrates that the judge discharged his discretion conscientiously and rendered a decision as to a disposition fitting the defendant which was reasonable, made in good faith and commendably evinced a sincere and deep concern for defendant's welfare. Several factors bore upon the judge's ultimate determination, such as defendant's arrest for the present offense following shortly an earlier arrest, the duration and extent of his addiction, and his environmental sur-

roundings. It might be further noted that defendant at the time had been a heroin addict for three years and that he had a habit of two bags a day. He was arrested, however, with 40 bags or glassine envelopes of heroin in his possession and by his own admission possessed them with the intent to share and use the narcotics with his wife. It is not amiss to observe that if defendant had been formally charged with possession with intent to distribute, as well he might have been under the circumstances, he would have been statutorily disentitled to the suspended criminal proceedings afforded certain kinds of first offenders. *State v. Battaglia,* 135 *N. J. Super.* 211 (App. Div. 1975). Although charged and convicted only of simple possession, the court should be mindful of the further criminal implications of defendant's conduct and the total circumstances surrounding the criminal event. The nature and quality of the criminal act, as well as the formal statutory charge, are factors which should influence the discretion of the sentencing judge. See *State v. Di Luzio,* 130 *N. J. Super.* 222, 230–231 (Law Div. 1974).

Under all of the circumstances, therefore, we find on the part of the court below no abuse of discretion or any mistake in its exercise in refusing to grant defendant's application for a conditional discharge under *N. J. S. A.* 24:21–27.

It is further asserted by defendant that the sentence actually imposed was manifestly excessive and an abuse of discretion. Among other things, it is claimed that there was no basis to require residential treatment and that the presentence report was favorable to defendant. It is also mentioned that the judge should have permitted a drug counsellor to address the court.

We have considered these circumstances in the context of the entire record. As pointed out earlier, we are aware, as undoubtedly was the court below, that defendant had been at the time of sentencing a heroin addict for several years, and, at the time of his arrest, intended to share the

heroin with his wife. The implication is obvious that his narcotics use likely reached and contaminated other persons. See *State v. Williams,* 129 *N. J. Super.* 84, 87, 97–98 (App. Div. 1974) (Lynch, J. A. D., concurring in part and dissenting in part), rev'd 68 *N. J.* 54 (1975). We cannot conclude, therefore, on the basis of the record that defendant's sentence was manifestly excessive or an abuse of discretion.

Affirmed.