STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES S. MARZOLF, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 19, 1977—Decided August 5, 1977.

Before Judges LYNCH, MORGAN and ARD.

*Mr. Alan Silber* argued the cause for appellant.

*Ms. Carole F. Greco,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. R. Benjamin Cohen,* Assistant Prosecutor, of counsel).

The opinion of the court was delivered by

MORGAN, J. A. D. Following a trial to a hung jury, defendant entered into a plea agreement pursuant to which he pleaded guilty to a count of possessing marijuana (25 lbs.) in exchange for the State's recommendation that the count charging possession of the marijuana with intent to distribute it be dismissed. No recommendation was to be made as to sentence. The trial judge accepted the agreement and dismissed the intent to distribute charge. Based upon reasons given by the trial judge, including the sub-

stantial amount of marijuana possessed and the inference derived therefrom that defendant intended its distribution, defendant, a first offender, was sentenced to 18 months in the county institution, six months to be served in custody with the remaining period on probation. In addition, defendant was fined $500.

Defendant's prime concern on this appeal is with the reasons given for the custodial sentence. He contends that the trial judge's dismissal of the count charging intent to distribute foreclosed it from considering elements of the dismissed charge in determining the sentence to be imposed on the charge of simple possession to which defendant pleaded. At the very least, he contends, he justifiably believed that such would be the case and if this belief is proved wrong on this appeal, then he contends he was misled into his plea and should, accordingly, be permitted to withdraw it and go to trial on both counts.

From the record made at imposition of sentence it is clear that the sentencing judge gave controlling weight to the substantial amount of marijuana found in defendant's possession as the basis for the inference that all of it could not have been intended for defendant's personal use. Had those elements of amount and intent been ignored, defendant, as a first offender-possessor, would doubtless have received some form of noncustodial sentence. *State v. Ward,* 57 *N. J.* 75 (1970); *State v. Brennan,* 115 *N. J. Super.* 400 (App. Div. 1971). Hence it was consideration of those elements of the dismissed charge which resulted in the sentence being challenged on this appeal.

The question presented is a novel one. May a judge sentencing for simple possession consider the amount possessed and the intent with which it was possessed in determining the sentence to be imposed? Although the answer to this question is not free from difficulty, we have been persuaded that better practice forecloses consideration of all such elements. If the conviction is for simple possession, consideration should only be given to elements com-

prising that offense. If the amount possessed suggests an intent to distribute all or a portion of it, as distinguished from possession for a defendant's own use, the State is free to obtain, as it almost invariably does, an indictment for the more serious offense, as well as an indictment for simple possession. When such a two-count indictment charging possession and possession with intent to distribute is returned, a trial judge should not agree to a plea agreement involving dismissal of the more serious charge of intent to distribute if the amount is such that he could not ignore the probable existence of such an intent (to distribute) in imposing sentence. In such a case, the appropriate course is clear; he should either reject the bargain and refuse to dismiss the charge of possession with intent to distribute if he plans to sentence on the basis of that conduct or accept the bargain and sentence defendant on the basis of simple possession without considering elements of the dismissed charge. What he cannot do is what took place in this case, dismiss that count and sentence for simple possession on the basis of elements unique to the dismissed count. Adoption of the foregoing procedure, based upon simple fairness, will eliminate all possibility of a defendant or his counsel being misled and may well protect the public's interest in the matter.

Because of the novelty of the issue raised, we have concluded that the best course to be followed in this case is to vacate the challenged sentence and remand the matter to the trial judge. At the remand, it will be his option to resentence defendant, as a first offender, for simple possession disregarding the amount possessed and intent or to vacate the plea bargain and schedule both counts of the indictment for trial.

Reversed and remanded for further proceedings in accordance with this opinion.