157 N.J. Super. 442 (1978)
384 A.2d 1164
STATE OF NEW JERSEY, PLAINTIFF,
v.
JUAN H. BANKS, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 3, 1978.
*445 Mr. Robert D. Clarke, Assistant Prosecutor, for plaintiff (Mr. John Stamler, Union County Prosecutor, attorney).
Mr. Herbert M. Barnes, attorney for defendant.
BRODY, J.C.C. (temporarily assigned).
Police received an anonymous telephone tip that defendant was then engaged in an illicit sale of controlled dangerous substances at his apartment. The informant added that defendant signaled his readiness to deal by placing a marijuana plant among the other plants in his second-story window.
Officers were dispatched to the scene. From the walkway to the apartment building they observed a marijuana plant *446 in the window as described by the informant. Believing a sale to be in progress, they next located the door to defendant's apartment and knocked. Receiving no response, they forced open the door and entered the living room. No one was there.
After noting the plant in the living room window, the officers fanned out to the other rooms, anxious lest miscreants be hiding somewhere in the apartment. Finding no one, they nevertheless continued their search inside boxes and bureau drawers, and behind bookcases. In the process they uncovered and seized over two pounds of unbagged marijuana, seven one-ounce bags of marijuana, three glassine bags of a lesser quantity of marijuana, a large weighing scale, a small weighing scale, marijuana smoking paraphernalia, and six tablets and two pills of controlled dangerous substances classified in Schedules II, III, and IV of N.J.S.A. 24:21-3 et seq. Defendant was thereafter indicted for possession of controlled dangerous substances, N.J.S.A. 24:21-20(a)(1) and (4), and for possession with intent to distribute. N.J.S.A. 24:21-19(a).
Although the police were acting in the good faith belief that they were free to extend their warrantless search on the basis of probable cause, I granted defendant's motion in part and suppressed all evidence uncovered after the search had exceeded the bounds of a limited search permissible to assure the safety of the officers. State v. Smith, 140 N.J. Super. 368 (App. Div. 1976). I denied the motion only as to the marijuana plant because its apparent use as a signal of an ongoing sale created a legitimate exigency justifying the police presence in the living room when it was seized. Cf. State v. O'Herron, 153 N.J. Super. 570 (App. Div. 1977); State v. Lane, Mont., 573 P.2d 198 (Sup. Ct. 1977).
Following disposition of the motion, negotiations between the parties resulted in defendant's guilty plea to possession of less than 25 grams of marijuana (a disorderly persons offense, N.J.S.A. 24:21-20(a)(4)) and *447 his present motion for suspension of further proceedings. N.J.S.A. 24:21-27 (hereinafter § 27). In return, the State agreed to move to dismiss the indictment, R. 3:25-1; to take no position with respect to defendant's motion, and to recommend a noncustodial sentence should his motion be denied. I have carefully reviewed defendant's presentence report. He is 29 years of age, has no record of prior arrests or convictions, is not drug dependent, and has long been steadily employed. Considering all the circumstances, I can follow the State's recommendation for a noncustodial sentence.
What remains is whether it is appropriate and constitutionally permissible to consider the suppressed evidence in deciding the § 27 motion and, if necessary, in fixing sentence.
The statutory setting and judicial interpretation of § 27 are found in State v. Alston, 71 N.J. 1 (1976) and State v. Sayko, 71 N.J. 8 (1976). Briefly, § 27 was intended to spare a first offender, controlled dangerous substance user or possessor who poses no danger to others, from suffering a judgment of conviction if he successfully completes a course of "supervisory treatment" deemed appropriate by a court. In order for a court to suspend further proceedings, a defendant must demonstrate eligibility according to the objective standards of subsection (a).[1] He must then qualify through judicial findings that he meets the subjective standards of subsection (c).[2] Finally, he is subject to the general exercise of sound judicial discretion.
*448 Defendant meets the eligibility requirements of subsection (a) because he has never been previously convicted of a controlled dangerous substance offense and he is "charged with or convicted of" a strictly possessory offense. He would not be eligible if he continued to face the possession with intent to distribute charges in the indictment, because of the distribution aspects of the crime. But those proceedings will continue to a dismissal of the indictment, so defendant is not seeking their suspension. The proceedings he wants suspended emanate from the disorderly persons complaint charging possession of less than 25 grams of marijuana.
Defendant qualifies under subsection (c) because my acceptance of the State's recommendation of a noncustodial sentence was necessarily based in part on finding that "defendant's continued presence in the community, or in a civil treatment center or program, will not prove a danger to the community."
Subsection (a) provides that a court "may" suspend further proceedings. This means that the court must go beyond finding that defendant meets the subsection (c) standards. "[T]he court also has broad discretion, considering all relevant factors, * * * to determine whether such person is otherwise a fit subject for the statutory program." State v. Sayko, supra, 71 N.J. at 13.
In exercising that discretion I consider it relevant that the Legislature did not intend to afford what is essentially a legislative pardon to someone in the situation of this defendant. State v. Johnson, 137 N.J. Super. 27, 31 (App. Div. 1975). Had the original proceedings not been aborted by the suppression order, defendant would be facing charges *449 that would have rendered him ineligible for § 27 consideration. He was indicted for possession with intent to distribute. The State has strong evidence of that crime, defendant having admitted to the police his ownership of the incriminating evidence. The best face his attorney could put on the matter at oral argument was that young people today do not consider use or distribution of marijuana morally wrong. Nothing detracts from the probity of the State's evidence of guilt. Cf. State v. Di Luzio, 130 N.J. Super. 222, 230-34 (Law Div. 1974).
Judicial discretion exercised under subsection (a) also encompasses general sentencing considerations. State v. Sayko, supra, 71 N.J. at 13, n. 3. But for the suppression order, defendant would in the usual course of events most likely have pleaded guilty to possession with intent to distribute or have been convicted of that and possession after a trial. He has avoided this fate neither through lack of criminality nor as consideration for cooperation in other criminal investigations. Defendant should not escape as well the relatively minor and possibly temporary stigma of a disorderly persons conviction. If he remains free of criminal or disorderly persons convictions for the next five years, he will then be eligible to have the present conviction expunged from the records. N.J.S.A. 2A:169-11.
Evaluating "all relevant factors," including a respectful regard for the intent of the Legislature which established the § 27 procedure, I find defendant is not "a fit subject for the statutory program."
As to the sentence itself, I can hardly avoid considering the suppressed evidence. All the circumstances previously recounted call for the imposition of a fine and a term of probation not otherwise appropriate to a first offender convicted of possession of less than 25 grams of marijuana. To ignore such vital evidence would reduce the sentencing process to a charade.
The constitutional question has now been reached and must be decided: May a court, in the dispositional phase of *450 a criminal case, consider evidence which was suppressed for having been obtained in violation of the Fourth Amendment?
Evidence obtained contrary to the Fourth Amendment, though obtained in good faith, is suppressed to discourage law enforcement officers from disregarding precious constitutional rights. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). This policy is satisfied in the main by denying the State use of such evidence and its fruits in presenting its case. Other use of such evidence, not likely to motivate police to obtain evidence unlawfully, is permitted. Unlawfully seized by officers of one sovereign, it may nevertheless be used by another sovereign in a civil action. United States v. Janis, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). It may be considered by a grand jury, United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), and by a parole board in revoking parole. United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161 (2 Cir.1970). It may be used to rebut a statement made by a defendant on the witness stand at a criminal trial. Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954). It may be used against a person having no property interest in the evidence. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).
Law enforcement officers are not likely to seize evidence unlawfully for the sole purpose of affecting a defendant's sentence. Usually the suppression of such evidence destroys the State's case so there is no sentence to affect. Two exceptions come to mind: (1) where police are assembling a dossier to be offered to a sentencing judge should the subject ever be convicted of an offense, and (2) where police have accumulated sufficient evidence to convict and then seize additional evidence unlawfully solely to affect the sentence. See, e.g., United States v. Vandemark, 522 F.2d 1019 (9 Cir.1975), construing Verdugo v. United States, *451 402 F.2d 599, 609-13 (9 Cir.1968), cert. den. 402 U.S. 961, 91 S.Ct. 1623, 29 L.Ed.2d 124 (1971).
Neither exception is presented here. The suppressed evidence is not from a dossier, but was seized in the investigation that produced the prosecution, conviction and sentencing in question. Nothing suggests that the police seized the suppressed evidence knowing it would be suppressed and intending only that it be used to affect the sentence.
Where the sole objective in seizing evidence in good faith, but contrary to the dictates of the Fourth Amendment, is to obtain a criminal conviction and its use for that purpose has been suppressed, the policy behind the exclusionary rule has been fully satisfied. See United States v. Janis, supra, 428 U.S. at 458, 96 S.Ct. 3021. That is the case here. Such evidence may be considered on a § 27 motion and for sentencing purposes. Doing so will neither license nor encourage law enforcement officials to overrun the bulwark against governmental intrusions on privacy raised by the Fourth Amendment. Accord, United States v. Schipani, 435 F.2d 26 (2 Cir.1970), cert. den. 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971); United States v. Lee, 540 F.2d 1205 (4 Cir.1976), cert. den. 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177; State v. Benge, 110 Ariz. 473, 520 P.2d 843, 850 (Sup. Ct. 1974).
Defendant's motion is denied. The issue here decided is a novel one and, as decided, may result in a sentence heavier than defendant had reason to expect when the plea was negotiated and entered. Therefore, I will vacate the plea bargain and schedule the indictment for trial unless defendant within ten days reaffirms his willingness to proceed under the terms of the bargain. See State v. Marzolf, 152 N.J. Super. 47 (App. Div. 1977).
NOTES
[1] N.J.S.A. 24:21-27(a) provides in part:

Whenever any person who has not previously been convicted of any offense * * * relating to [controlled dangerous substances] is charged with or convicted of any [controlled dangerous substance use or possessory offense without intent to distribute] the court * * * may on motion of the defendant * * * [s]uspend further proceedings * * *.
[2] N.J.S.A. 24:21-27(c) provides:

c. Proceedings under this section shall not be available to any defendant unless the court in its discretion concludes that:
(1) The defendant's continued presence in the community, or in a civil treatment center or program, will not pose a danger to the community; or
(2) That the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit the defendant by serving to correct any dependence on or use of controlled substances which he may manifest.