681 A.2d 117

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ROBERT MERENDINO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted August 20, 1996—Decided August 27, 1996.

Before Judges KLEINER and BRAITHWAITE.

*Giblin & Giblin,* attorneys for appellant (*Brian T. Giblin,* on the brief).

*Charles R. Buckley,* Deputy Attorney—In Charge, Acting Bergen County Prosecutor, attorney for respondent (*Barbara Petersen,* Special Deputy Attorney General, Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

**KLEINER, J.A.D.**

Robert J. Merendino [1] appeals from the denial of his petition to expunge all evidence of his arrest and subsequent June 8, 1984 conviction on two counts of an eleven count indictment. Prior to that conviction, the State moved to dismiss the remaining nine counts of the indictment pursuant to the terms of a negotiated plea agreement. Petitioner's appeal poses a question not specifically raised in any reported decision in this State: May the motion judge at an expungement proceeding consider the underlying circumstances of the petitioner's prior arrest to determine whether the petitioner is entitled to expungement? We conclude that the motion judge was entitled to consider all facts that were available to both the State and petitioner at the time the petitioner entered his original plea to determine if he is entitled to expungement. We therefore affirm the denial of petitioner's expungement petition.

On January 30, 1984, petitioner was indicted for the following criminal acts: three counts of distribution of marijuana, contrary to *N.J.S.A.* 24:21–19(a)(1) (counts one, three, and seven); four counts of possession of over twenty-five grams of marijuana, contrary to *N.J.S.A.* 24:21–19(a)(1) (counts two, four, eight and ten); one count of possession of marijuana with the intent to distribute, contrary to *N.J.S.A.* 24:21–19(a)(1) (count nine); and one count of possession of tenuate dospan (diethylpropion hydrochloride), contrary to *N.J.S.A.* 24:21–10(a)(1) (count eleven).[2]

Petitioner was arrested at his home on August 31, 1983, after he sold marijuana to an undercover investigator, a member of the Bergen County Narcotics Task Force. An investigation of petitioner had commenced April 15, 1983. On that evening and on August 1, 1983, petitioner sold marijuana to the investigator at

---

[1] Although Merendino is captioned as defendant, we refer to him herein as "petitioner."

[2] The statutes cited represent those in place at the time of the indictment. They have since been repealed and replaced in the Criminal Code.

petitioner's residence. On the night of his arrest, the investigator arranged to meet petitioner at his home, intending to purchase marijuana. On that occasion, a third sale of marijuana was consummated. The investigator had previously secured a search warrant and, immediately after the sale, petitioner was arrested and charged with three counts of distribution of a controlled dangerous substance, referencing the sales of April 15, 1983, August 1, 1983 and August 15, 1983. Petitioner's home was then searched and the evidence seized led to his indictment.

Laboratory tests performed at the time of each purchase of marijuana confirmed that petitioner sold the investigator 27.2 grams of marijuana on April 15, 1983; 27.35 grams of marijuana on August 1, 1983, and 28.12 grams of marijuana on August 31, 1983. The search uncovered within petitioner's home 80.9 grams of marijuana and tenuate dospan.

Pursuant to a plea agreement, petitioner pled guilty to count three, charging distribution of a controlled dangerous substance on August 1, 1983, in violation of *N.J.S.A.* 24:21–19(a)(1), and to count nine, charging possession of marijuana, contrary to *N.J.S.A.* 24:21–19(a)(1). The State agreed to dismiss the remaining counts of the indictment. Pursuant to the agreement, petitioner was thereafter sentenced on June 8, 1984 to a two-year term of probation on each count, to be served concurrently. He was also ordered to pay an aggregate Violent Crimes Compensation Board penalty of $50.00.

Former *N.J.S.A.* 24:21–19(a)(1) (since repealed, *L.* 1987, *c.* 106, § 25, operative July 9, 1987), provided in pertinent part,

Prohibited Acts A.—Manufacturing, distributing, or dispensing—Penalties

a. Except as authorized by this act, it shall be unlawful for any person knowingly or intentionally:

(1) To manufacture, distribute, or dispense or to possess or have under his control with intent to manufacture, distribute, or dispense, a controlled dangerous substance....

The statute did not require any proof as to the quantity of the controlled dangerous substance manufactured, distributed, dispensed or possessed by an arrestee.

*N.J.S.A.* 2C:52–2 delineates the prerequisites for an expungement of indictable offenses. The statute provides in pertinent part:

> a. In all cases, except as herein provided, wherein a person has been convicted of a crime under the laws of this State and who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, and has not been adjudged a disorderly person or petty disorderly person on more than two occasions may, after the expiration of a period of 10 years from the date of his conviction, payment of fine, satisfactory completion of probation or parole, or release from incarceration, whichever is later, present a duly verified petition as provided in section 2C:52–7 to the Superior Court in the county in which the conviction was entered praying that such conviction and all records and information pertaining thereto to be expunged.
>
> Although subsequent convictions for no more than two disorderly or petty disorderly offenses shall not be an absolute bar to relief, the nature of those conviction or convictions and the circumstances surrounding them shall be considered by the court and may be a basis for denial of relief if they or either of them constitute a continuation of the type of unlawful activity embodied in the criminal conviction for which expungement is sought.
>
> . . . .
>
> c. In the case of conviction for the sale or distribution of a controlled dangerous substance or possession thereof with intent to sell, expungement shall be denied except where the crimes relate to:
>
> (1) Marijuana, where the total quantity sold, distributed or possessed with intent to sell was 25 grams or less, or
>
> (2) Hashish, where the total quantity sold, distributed or possessed with intent to sell was five grams or less.

On the return day of petitioner's verified petition to expunge his arrest and conviction, the prosecutor appearing in opposition to the petition presented to the court four separate New Jersey State Police Laboratory Reports of laboratory examinations conducted incidental to petitioner's arrest. The State was unable to present a transcript of petitioner's retraxit plea, as the court reporter's notes of April 10, 1984, had been destroyed. The State urged that the laboratory analysis of the amount of marijuana seized relating to counts three and nine of the indictment was relevant to a determination of petitioner's entitlement to expungement.

To counter the State's position, petitioner argued that *N.J.S.A.* 24:21–19(a)(1) did not reference a quantity of marijuana and that the indictment returned by the Bergen County Grand Jury in

counts three and nine did not quantify any amount of marijuana. Petitioner maintained that he consequently was entitled to expungement, as there was no proof that he either possessed or distributed in excess of twenty-five grams of marijuana. *See N.J.S.A.* 2C:52–2c(1).

The motion judge concluded that he was entitled to examine all evidence, including the lab test results, that was available to the State at the time of petitioner's plea to determine whether petitioner was entitled to an expungement of his arrest and conviction. Accordingly, the judge denied the petition.

The use of extraneous, but relevant, information is not uncommon in ancillary proceedings in the criminal justice system. In *State v. Smullen,* 118 *N.J.* 408, 418, 571 *A.*2d 1305 (1990), the Supreme Court indicated in dicta that a court may consider any documents available to the prosecutor and to the defendant at the time that the defendant pled guilty for the purpose of determining whether the defendant's plea could be withdrawn. The court specifically stated:

> Although the issue is not squarely presented, inasmuch as the material was not considered by the trial court, the State seeks to buttress the reliability of the plea proceedings by referring to certain statements obtained from the child victims. A "defendant's admission or acknowledgement may be [best] understood in light of all [the] surrounding circumstances."
>
> *State v. Sainz,* 107 *N.J.* 283, 293, 526 *A.*2d 1015 (1987). In evaluating whether a manifest injustice had occurred in the circumstances of a case like this and the voluntariness of defendant's prior plea in light of a later claim of innocence, a court might well consider (for that limited purpose) the evidence that was available to the prosecutor and to the defendant through our discovery practices at the time the defendant entered the plea of guilt. In some cases the proffered evidence may serve to rebut the assertion of innocence; in others, it may move a court to vacate the plea to the end that justice be done.
>
> [*Id.* at 418, 571 *A.*2d 1305.]

In *Sainz,* the Supreme Court considered whether the trial court had properly weighed the aggravating and mitigating circumstances of the Code of Criminal Justice, *N.J.S.A.* 2C:1–1 to 98–4, in sentencing a defendant convicted under the Controlled Dangerous Substances Act, *N.J.S.A.* 24:21–1 to –53. *State v. Sainz,* 107

N.J. 283, 286–87, 526 *A*.2d 1015 (1987). The Court specifically stated:

> The factual basis for a guilty plea must obviously include defendant's admission of guilt of the crime or the acknowledgement of facts constituting the essential elements of the crime. However, the defendant's admission or acknowledgement may be understood in light of all surrounding circumstances. *See State v. Heitzman*, 209 *N.J.Super.* 617, 620–21 [508 *A*.2d 1161] (App.Div.1986) (on defendant's motion to set aside his guilty plea, the court can look beyond defendant's admission); *State v. Stackhouse*, 194 *N.J.Super.* 371, 375–76 [476 *A*.2d 1268] (App.Div.1984).
>
> When a trial court imposes a sentence based on defendant's guilty plea, the defendant's admissions or factual version need not be the sole source of information for the court's sentencing decision. We have stated before that the court may look to other evidence in the record when making such determinations, that it should consider "the whole person", and all the circumstances surrounding the commission of the crime. *See State v. Marzolf*, 79 *N.J.* 167 [398 *A*.2d 849] (1979); *State v. Humphreys*, 89 *N.J.* 4 [444 *A*.2d 569] (1982).
>
> [*Id.* at 293, 526 *A*.2d 1015].

The use of extraneous relevant information has also been permitted in *State v. Humphreys*, 89 *N.J.* 4, 14, 444 *A*.2d 569 (1982) (holding that the whole person concept of sentencing authorizes court to consider a wide range of information that might otherwise be excluded by evidentiary standards), *State v. Sharp*, 208 *N.J.Super.* 496, 503, 506 *A*.2d 375 (App.Div.1986) (holding that, even absent conviction, trial judge had discretion to consider reliable information regarding defendant's intent in possessing drugs pursuant to defendant's application for conditional discharge) *State v. Pickett*, 186 *N.J.Super.* 599, 608, 453 *A*.2d 291 (Law Div.1982) (holding that evidence which was suppressed could still be considered by director in reviewing defendant's PTI application), and *State v. Banks*, 157 *N.J.Super.* 442, 449, 384 *A*.2d 1164 (Law Div.1978) (holding that suppressed evidence considered for purposes of conditional discharge application and for sentencing).

■ Without a transcript of petitioner's retraxit plea, the motion judge was unable to determine whether petitioner merely admitted that he possessed some quantity of marijuana to justify the trial judge's conclusion that he had factually satisfied the prerequisites for· guilt required by *N.J.S.A.* 24:21–19(a)(1), or

whether in fact during the colloquy between the trial judge and petitioner he made any specific admission relative to the actual quantity of marijuana seized during the sales on April 15, 1983 and August 15, 1983, the dates referenced within counts three and nine of the indictment to which he pled guilty. The motion judge at the expungement hearing was therefore clearly entitled to review all of the evidence available to both the State and petitioner, which obviously included the New Jersey State Police Laboratory reports relating to each sale of marijuana, to determine whether petitioner was entitled to expungement of his arrest and conviction.

We note as well that *N.J.S.A.* 2C:52-2 obligates a petitioner seeking expungement of a conviction of an indictable offense to present a verified petition prepared in accordance with *N.J.S.A.* 2C:52-7 to obtain the requested relief. Implicit in that requirement is that petitioner demonstrate that he/she is entitled to the relief sought. The State argues, and we agree, that pursuant to *N.J.S.A.* 2C:52-2(c), expungement of a conviction for the possession of marijuana *"shall be denied* except where the crimes relate to (1) Marijuana, where the total quantity sold, distributed or possessed with intent to sell was 25 grams or less." *Ibid.* (emphasis added). The petitioner is therefore obligated to present evidence that his marijuana possessory conviction encompassed possession of marijuana of 25 grams or less. The petition under review does not allege that petitioner possessed twenty-five grams of marijuana or less than twenty-five grams, nor did petitioner present any evidence at the expungement proceeding to demonstrate that he had met the prerequisites for expungement delineated in *N.J.S.A.* 2C:52-2c(1). In *State v. Marzolf,* 79 *N.J.* 167, 398 *A.*2d 849 (1979), the defendant was convicted of possession of marijuana, pursuant to a negotiated plea agreement under which the State dismissed the more serious count of the indictment charging possession of marijuana with intent to distribute. *Id.* at 170-71, 398 *A.*2d 849. The Supreme Court noted, "The court was not required to wear blinders to avoid consideration of the charac-

ter of defendant's possession merely because those circumstances encompassed to some degree some of the elements necessary to sustain a conviction under the dismissed charge." *Id.* at 185, 398 A.2d 849. The same principle applies in expungement proceedings.

Affirmed.