235 N.J. Super. 410 (1989)
563 A.2d 51
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK A. LEE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 18, 1989.
Decided August 10, 1989.
*411 Before Judges DREIER and STERN.
Jane E. Haburay, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney).
Barbara Davis, Deputy Attorney General, argued the cause for respondent (Peter N. Perretti, Jr., Attorney General, attorney).
The opinion of the court was delivered by STERN, J.A.D.
This sentence appeal is again before this court by virtue of the Supreme Court's remand for reconsideration "in light of an apparent confusion in the record in respect of this defendant's background and that of his co-defendant." 117 N.J. 38 (April 19, 1989). Defendant argues that his sentence is excessive primarily because it is harsher than that imposed on a co-defendant for the same crimes.
Defendant and Daniel Brown were jointly indicted for two burglaries, N.J.S.A. 2C:18-2, embodied in Bergen County indictments S-708-86 and S-1010-86.[1] Brown was also indicted in S-1010-86 with theft over $500.00, N.J.S.A. 2C:20-3, and criminal mischief, N.J.S.A. 2C:17-3. He was also charged with possession of stolen property, N.J.S.A. 2C:20-7 (accusation 1253-86) and with possession and possession with intent to *412 distribute C.D.S., N.J.S.A. 24:21-19(a)(1), 24:21-20(a)(1), and resisting arrest, N.J.S.A. 2C:29-2a(1) (indictment S-579-86).
In addition to the burglary offenses, defendant was charged in indictment S-1010-86 with theft, N.J.S.A. 2C:20-3, criminal mischief, N.J.S.A. 2C:17-3, and aggravated assault, N.J.S.A. 2C:12-1b(5). In other words, in addition to the charges returned against Brown on that indictment, defendant was charged with an aggravated assault.
On September 22, 1986 Brown pled guilty to the burglaries embodied in indictments S-708-86 and S-1010-86, the receiving charge embodied in the accusation, and the possession with intent to distribute C.D.S. and resisting arrest charges embodied in S-579-86. In exchange for the plea the State agreed to recommend dismissal of the other charges and two pending disorderly persons offenses and to recommend a maximum 10 year sentence. On October 31, 1986 Brown was sentenced to 10 years in the custody of the Commissioner of Corrections with 5 years before parole eligibility on the C.D.S. conviction. He received concurrent sentences on the other convictions, including concurrent 5 year sentences with 2 1/2 years before parole eligibility on the burglaries.[2]
On May 4, 1987 defendant pled guilty to the burglary and aggravated assault charges embodied in indictment S-1010-86[3] *413 and to the burglary embodied in S-708-86. In exchange, the State recommended dismissal of the other charges and a pending disorderly complaint, and agreed to waive an extended term application and to recommend a maximum 10 year sentence. On June 12, 1987 defendant was sentenced to concurrent 5 year sentences, with 2 1/2 years before parole eligibility, on the crimes embodied in indictment S-1010-86 and to a consecutive similar sentence for the burglary embodied in indictment S-708-86. Thus defendant received an aggregate 10 year sentence with 5 years parole ineligibility on the burglaries, while his co-defendant received but a 5 year sentence with 2 1/2 years parole ineligibility for the same offenses.
We agree with defendant's primary assertion that the Code of Criminal Justice endeavored to limit judicial discretion, promote uniformity and reduce undue disparity in sentencing. See N.J.S.A. 2C:1-2b(4), (6). We further agree that our Judiciary is committed to the concept of uniformity and reduction of undue disparity. See, e.g., State v. Pillot, 115 N.J. 558 (1989); State v. Yarbough, 100 N.J. 627, 635, 647 (1985), certif. denied, sub nom. Yarbough v. New Jersey, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986); State v. Hodge, 95 N.J. 369, 379-380 (1984); State v. Roth, 95 N.J. 334, 345-369 (1984); State v. Pillot recently discussed the issue in terms of multiple sentences involving the same defendant imposed in separate proceedings in different counties. The problem is potentially of even greater concern when two defendants with similar records are charged with similar offenses or two co-defendants with similar backgrounds are sentenced by different judges for the same crime or offenses. This case involves the problem in the context of co-defendants, although each was convicted of a crime (or two in the case of Brown) in addition to the two burglaries in common.
*414 Our present scope of review in a sentencing appeal, although not developed in the context of a disparity issue involving co-defendants, is quite limited, see State v. Ghertler, 114 N.J. 383 (1989); State v. Roth, supra, 95 N.J. at 363-64; see also, e.g., State v. Jarbath, 114 N.J. 394 (1989); State v. Gardner, 113 N.J. 510, 516 (1989), and does not appear to be different when disparity is alleged. Cf. State v. Pillot, 115 N.J. at 563-565 (matter remanded to permit consolidated sentencing of all matters; no change in scope of review).[4]
While the defendant in his petition for certification indicated that co-defendant Brown "is serving five years with two and one half years parole ineligibility on the same indictments," and that "there is nothing in the record to support the imposition of a sentence twice as long as Mr. Lee's co-defendant's," the fact is that co-defendant Brown is serving a sentence simultaneously imposed for another offense, aggregating the same sentence as defendant. While it is true that defendant received more time than Brown on the two burglaries alone, Brown received an aggregate ten year term, with five years parole ineligibility. Thus, the aggregate sentences were the same. It is simply inappropriate to note only that defendant received a longer sentence for the burglaries committed by the two. While there are no "free crimes," it must be noted that both defendants received multiple sentences simultaneously imposed, see State v. Yarbough, supra, and each defendant received exactly what he bargained for, see State v. Sainz, 107 N.J. 283 (1987). We generally cannot upset negotiated dispositions which result in *415 legal sentences consistent with the Code's guidelines, see State v. Sainz, supra; see also State v. Warren, 115 N.J. 433, 447-450 (1989); State v. Guzman, 199 N.J. Super. 346, 352-353 (Law Div. 1985); compare State v. Nemeth, 214 N.J. Super. 324 (App.Div. 1986), and we cannot upset a legal sentence imposed consistent with the Code guidelines when based on substantial evidence, see State v. Ghertler, 114 N.J. at 387-388; State v. Roth, supra.
As the Supreme Court recently said in Ghertler:
[W]e do well to remind ourselves that "we will exercise that reserve of judicial power to modify sentences when the application of the facts to the law is such a clear error of judgment that it shocks the judicial conscience. We anticipate that we will not be required to invoke this judicial power frequently." Roth, supra, 95 N.J. at 364 (citation omitted). The test, then, is not whether a reviewing court would have reached a different conclusion on what an appropriate sentence should be; it is rather whether, on the basis of the evidence, no reasonable sentencing court could have imposed the sentence under review. Id. at 365. [114 N.J. at 388].
It may be that in a given case disparity can effect the evaluation of whether the correct sentencing guidelines were followed, as an effort to eliminate disparity was embodied into the Code. It may also be that disparity among co-defendants could impact on whether one sentence is "shocking," under the Roth scope of review. But there are cases involving co-defendants which may involve sentences which are arguably disparate  particularly when imposed by different judges  although each sentence is consistent with Code guidelines, is based on findings of aggravating or mitigating factors supportable by the record and is not shocking to the judicial conscience. The fact that one defendant may have received a lenient sentence unappealable by the State, because it is not of the first or second degree resulting in a downgrade for sentence purposes or in a non-custodial or probationary sentence, see N.J.S.A. 2C:44-1f(2), or because it is not inconsistent with a negotiated plea in such a case, State v. Partusch, 214 N.J. Super. 473, 476 (App.Div. 1987), does not mean that a co-defendant's appropriate *416 sentence becomes assailable or subject to modification by this court on appeal.
On the motion for reconsideration here, the judge noted that "[d]uring the burglary they assaulted a police officer in the course of his duties" whereas defendant was not charged with an assault during a burglary. Further, while the trial judge was indeed correct that defendant had a poor prior record, stating "this defendant has a record of seven arrests, six convictions, a juvenile record dating back to 1977 and numerous violations of probation," the judge neglected to respond to defendant's disparity argument or refer to Brown's record. Defendant makes a presentable argument that his "prior record is simply unacceptable as justification for the imposition of a longer term on defendant because co-defendant's Daniel Brown's record is worse than Mr. Lee's." However, while Brown had more convictions, he had only two indictable convictions, and defendant had more.[5] Nevertheless, defendant's principal argument on the motion for reconsideration, that Brown, who "had a worse record than Mr. Lee," got "half" the sentence defendant received for the same offenses, should have been considered and addressed by the sentencing judge in deciding the motion. See R. 3:29.[6] Accordingly, without objection from the State at the argument before us, we remand for further reconsideration of defendant's sentence so that defendant's arguments can be addressed by the sentencing judge.
Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Because of the disparity issue raised, we requested the complete record in the co-defendant's case. We have now received the plea and sentence transcript and presentence report. We use the indictment numbers referred to in most of the transcripts, although they are not the complete numbers. The full numbers of the burglary indictments are S-708-86-01 and S-1010-86-01 or -02.
[2] Unfortunately, the sentencing transcript and judgment with respect to the burglary on indictment S-1010-86 refers to a sentence of 5 1/2 years. That sentence is not before us on Lee's appeal. An appeal thereon by Brown may not have been pursued, despite its illegality given the range of sentence for a third degree crime without an extended term, N.J.S.A. 2C:43-6a(3), because it was made concurrent with the sentence on the C.D.S. conviction. The parties seem to agree, however, that the sentence was intended to embody a 5 year term with 2 1/2 years before parole eligibility.
[3] Although the presentence report referred to the aggravated assault as a violation of N.J.S.A. 2C:12-1b(1), it constituted a violation of N.J.S.A. 2C:12-1b(5)(a), involving a simple assault on a police officer. Defendant admitted punching Detective Steve Moger, who directed him to calm down while angry because high bail was set. At the time of plea and motion for reconsideration there was an indication of a minor injury or cut, thus warranting sentencing for a third degree crime.
[4] This case is not the vehicle to examine whether co-defendants should generally be sentenced before the same judge, at least where pleas are involved, because here the same judge sentenced both defendants. When two judges are involved, one may view a fact as mitigating while another views it as aggravating, or they may weigh or balance the factors differently, thus raising the potential for disparity despite the Code's endeavor to establish uniformity by virtue of presumptions in favor of and against imprisonment, N.J.S.A. 2C:44-1d, e, presumptive sentences, N.J.S.A. 2C:44-1f, sentencing ranges, N.J.S.A. 2C:43-6, 2C:43-7, and consideration of aggravating and mitigating factors, N.J.S.A. 2C:44-1a, b.
[5] The presentence report reflects four separate indictable transactions sentenced in the Superior Court, Bergen County.
[6] The sentence was imposed on June 12, 1987, and the motion was heard on August 28, 1987. The motion was therefore out of time which could not be enlarged. R. 3:21-10(a); R. 1:3-4(c). We bypass this issue and address the questions raised because of the Supreme Court remand and because this case involves sentencing issues raised in a timely appeal following the initial sentencing.