715 A.2d 996

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. ANTHONY MALDONADO, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted August 18, 1998—Decided August 24, 1998.

---

540 

Before Judges LONG and STEINBERG.

*Ivelisse Torres*, Public Defender, attorney for appellant (*Donald T. Thelander*, Assistant Deputy Public Defender, of counsel and on the brief).

*Robert W. Gluck*, Middlesex County Prosecutor, attorney for respondent (*Simon Louis Rosenbach*, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

STEINBERG, J.A.D.

Anthony Maldonado (defendant) appeals the denial of his motion seeking to compel admission into the Pretrial Intervention Program (PTI). We reverse and remand.

A Middlesex County Grand Jury returned an indictment charging defendant, along with fifteen others, with conspiring with Leonel Bardales and/or Wilfredo Garcia (who were not named as defendants in the indictment) to commit the crime of possession of cocaine, in violation of *N.J.S.A.* 2C:35–10a(1). The second count of the indictment charged defendant, along with Wayne S. Parke, Dawn M. Jagemann, and Michael Murphy with conspiring with Bardales and Garcia (again, who were not named in the second count) to commit the crime of distribution of cocaine in violation of *N.J.S.A.* 2C:35–5a(1).

Defendant's application for admission into PTI was approved by the Program Director. However, the State refused to consent to defendant's admission into PTI.

In its letter of opposition the State noted that defendant was intercepted electronically speaking on the telephone with other individuals regarding obtaining various quantities of cocaine. The intercepted conversation referred to previous sales by defendant of cocaine. In addition, the prosecutor considered defendant's statement that he had been "clean" since January 1996, indicating that if that were true, his involvement beyond that date was purely for profit. The indictment alleged that the conspiracy lasted from January 17, 1996 through February 11, 1996. The

prosecutor who wrote the letter concluded that whether or not a profit was made, defendant was part of a distribution network whose purpose was the "proliferation of controlled dangerous substances." The letter concluded by stating that defendant's admission into PTI would deprecate the seriousness of the offense and could suggest to others that they are free to deal drugs without worry about serious consequences. Accordingly, the State felt that more traditional methods of prosecution must be employed.

In support of his application, defendant submitted eight letters which indicated that he was a hard worker who had stopped using drugs. Defendant argued that at the time of his involvement in the conspiracy he was a drug user who was part of the conspiracy to distribute narcotics in order to obtain drugs for his own personal use as well as for others to whom he distributed the drugs. At the time of his arrest, defendant had one prior disorderly persons conviction for possession of an imitation firearm. He was fined $100. Upon his arrest, defendant gave a statement admitting his involvement in the conspiracy.

Defendant also argued that numerous other defendants involved in the conspiracy, who did not give statements to the police, received PTI. Of the four defendants named in the second count of the indictment alleging a conspiracy to distribute cocaine, Dawn M. Jagemann appears to have been granted PTI while defendant, and the two remaining defendants in the second count, entered pleas of guilty. Apparently, defendant gave a second statement indicating he was misunderstood in his interview for PTI when he stated he stopped using drugs in January 1996. He contended in the second statement that he stated he stopped using drugs once arrested.

At oral argument the State indicated it refused to consent to the application because of the individual factors and the major role defendant played in the conspiracy. The prosecutor stated that she considered everything in the PTI report, including defendant's

background; his information about his rehabilitation; his letters of recommendation; and his employment.

In denying the motion the judge stated as follows:

This is very complex, because there are, in fact, defendants here that have been permitted into PTI.

I can assume from knowing that, that each individual defendant was in fact considered as a separate entity from the whole, and that being the case, understanding that Mr. Maldonado has been rejected by the prosecutor, indicates that there are good and substantial reasons, as he indicates in his letter, to put Mr. Maldonado into the mix.

That being the case, it is hard pressed for me to disturb that. The application will be denied.

Thereafter, defendant entered a plea of guilty to count two of the indictment and was sentenced to two years probation, with the appropriate mandatory penalties and assessments.

We recognize that in order to reverse the denial of an application for PTI a defendant must clearly and convincingly establish that the prosecutor's refusal to consent to admission to the program was based upon a patent and gross abuse of discretion. *State v. Dalglish,* 86 *N.J.* 503, 506, 432 *A.*2d 74 (1981) and *State v. Leonardis II,* 73 *N.J.* 360, 382, 375 *A.*2d 607 (1977). In addition, "[a] 'patent and gross abuse of discretion' is more than just an abuse of discretion as traditionally conceived; it is a prosecutorial decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" *State v. Wallace,* 146 *N.J.* 576, 582–83, 684 *A.*2d 1355 (1996). Moreover, unless and until a defendant demonstrates to the contrary, it is presumed that the prosecution considered all relevant factors and weighed them prior to refusing to consent to the application. *State v. Bender,* 80 *N.J.* 84, 94, 402 *A.*2d 217 (1979).

However, here the prosecutorial veto was primarily based upon the nature of the offense and the role of defendant. The State did not address the argument made by defendant that other defendants in the same indictment received pretrial intervention. We are concerned with the fact that another defendant charged in

count two with conspiracy to distribute cocaine received PTI and the fact that nothing was set forth by the prosecutor to explain why one defendant received PTI while the other one did not, particularly in light of the fact that the nature of the offense seemed to be the primary consideration.

Potentially disparate treatment of defendants has always been the subject of judicial concern. Therefore, in a number of situations in which the prosecutor is vested with a broad measure of discretion, in order to pass constitutional scrutiny, certain prosecutorial decisions have been held to be subject to judicial review for arbitrariness. *See State v. Brimage,* 153 *N.J.* 1, 23, 706 *A.*2d 1096 (1998) (plea agreement guidelines for *N.J.S.A.* 2C:35–12 must be consistent throughout the State); *State v. Lagares,* 127 *N.J.* 20, 32, 601 *A.*2d 698 (1992) (required the adoption of guidelines to assist prosecutorial decision-making with respect to applications for enhanced sentences under *N.J.S.A.* 2C:43–6f and further required prosecutors to state on the trial court record the reasons for seeking an extended sentence in order to provide for effective judicial review and to insure that prosecutors follow the guidelines in each case); and *State v. Leonardis I,* 71 *N.J.* 85, 119, 363 *A.*2d 321 (1976) (prosecutorial discretion in dismissing charges against certain defendants and admitting them into Pretrial Intervention Programs must be subject to uniform written guidelines and judicial review of the prosecutor's written statement of reasons).

The decision to grant or deny diversion to a defendant carries with it an obligation to fairly exercise the broad discretion given to the prosecutor, in light of the potential consequences to persons charged with criminal offenses. Therefore, where, as here, the prosecutorial veto that appears to be based upon the nature of the offense is challenged by a defendant arguing that a co-defendant has received PTI, the prosecutor must set forth reasons for the apparent disparate treatment. *See State v. Lee,* 235 *N.J.Super.* 410, 563 *A.*2d 51 (App.Div.1989) (Remand for reconsideration of sentence required due to failure of sentencing judge to consider and address defendant's argument that his

sentence was disparate from a co-defendant). That is the only way effective judicial review is assured in order to protect against a gross and patent abuse of discretion. Accordingly, we reverse the order denying defendant's motion to compel admission into the PTI Program and remand for a new hearing at which the prosecutor must set forth reasons why Jagemann was admitted into the program and defendant was rejected.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.