897 A.2d 1127 (2006)
385 N.J. Super. 559
STATE of New Jersey, Plaintiff-Respondent,
v.
John H. McKEON, Jr., Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted February 6, 2006.
Decided May 24, 2006.
*1130 Attorneys Hartman, Chartered, Moorestown, for appellant (Katherine D. Hartman, on the brief).
Robert D. Bernardi, Burlington County Prosecutor, for respondent (Deborah A. Siegrist, Assistant Prosecutor, of counsel and on the brief).
Before Judges CUFF, LINTNER, and GILROY.
The opinion of the court was delivered by
GILROY, J.S.C. (temporarily assigned).
Defendant, John H. McKeon, Jr., appeals from the order of the Law Division of April 27, 2005, affirming the Burlington County Prosecutor's denial of his admission into the State's Pretrial Intervention (PTI) program, N.J.S.A. 2C:43-12. The question presented is whether a defendant may be excluded, pursuant to N.J.S.A. 2C:43-12g, from entry into PTI solely because the defendant previously received benefit of a supervisory treatment program, or its equivalent, in another state when charged with an offense that would not have been a crime in this State. Because we find that an otherwise qualified defendant should not be barred from PTI, we reverse and remand.
In 2002, defendant was charged with driving under the influence of alcohol (DUI) in the State of Pennsylvania, contrary to 75 Pa. Cons.Stat. Ann. § 3731.[1] The offense constituted a misdemeanor under Pennsylvania law. The charge was resolved by defendant entering the Accelerated Rehabilitative Disposition (ARD) program, a form of pretrial diversion authorized in Pennsylvania. 75 Pa. Cons. Stat. Ann. § 3807 (2005).[2] Defendant was charged with a second DUI offense in Pennsylvania in December 2003, and pled guilty to the offense in September 2004. Other than the two DUI offenses in Pennsylvania, and the present matter, defendant has never been charged with any other conduct considered under the laws of this State or any other state, to be a crime.
On October 19, 2004, a Burlington County Grand Jury charged defendant under Indictment No. 2004-10-1183-I with a single count of third-degree possession of a controlled dangerous substance (cocaine), contrary to N.J.S.A. 2C:35-10a(1). On January 31, 2005, defendant applied for PTI. On February 18, 2005, the Criminal Case Manager rejected his application determining that he was statutorily barred because of his prior diversionary treatment in Pennsylvania. N.J.S.A. 2C:43-12g. On March 22, 2005, the prosecutor rejected his application for the same reason, and defendant appealed to the Law Division. Concluding "that it was the legislative *1131 intent to limit defendants to one diversionary program regardless of where that diversionary program occurs," the motion judge denied defendant's appeal on April 27, 2005. Under a plea agreement preserving his right to appeal from the denial of PTI, defendant pled guilty to the charge on May 16, 2005. Defendant was sentenced to one-year probation, and a six-month suspension of his driving privilege. All appropriate fines, fees and penalties were also assessed.
The issue concerns construction of N.J.S.A. 2C:43-12g:
g. Limitations. Supervisory treatment may occur only once with respect to any defendant and any person who has previously received supervisory treatment under section 27 of P.L. 1970, c. 226 (C. 24:21-27), shall not be eligible for supervisory treatment under this section. However, supervisory treatment, as provided herein, shall be available to a defendant irrespective of whether the defendant contests his guilt of the charge or charges against him.
Defendant argues that because he has never been diverted into PTI, pursuant to N.J.S.A. 2C:43-12, or received supervisory treatment, pursuant to N.J.S.A. 24:21-27, or N.J.S.A. 2C:36A-1, the successor statute to N.J.S.A. 24:21-27, that he is not barred from admission into PTI under N.J.S.A. 2C:43-12g. Defendant contends that the statutory prohibition in N.J.S.A. 2C:43-12g, applies only when the prior treatment was received under the laws of this State. Alternatively, he asserts, that even if the prohibition is applicable when a defendant received prior diversionary treatment in another state, the prohibition is limited to where the charge in the other state constitutes a crime under the laws of New Jersey.
The State, citing the unreported decision of State v. Meehan, A-2500-80T4 (App. Div. Oct. 19, 1981),[3] counters that "supervisory treatment which constitutes a bar to a second diversion may be one which is afforded under the law of this State or another state with a comparable program." (slip op. at 3). The State argues that the "rationale behind the legislative intent is to prohibit supervisory treatment for those defendants who have already demonstrated that they are not amenable to rehabilitation through supervisory treatment; their prior supervisory treatment has not deterred them from engaging in subsequent criminal activity." The State asserts that whether the offense, for which a defendant may have received supervisory treatment in another state, constitutes a crime in New Jersey is not relevant to the exclusionary provision of N.J.S.A. 2C:43-12g.
PTI "represents a procedural alternative to the traditional system of prosecuting and incarcerating criminal suspects, and was intended as a response to deficiencies in that system." State v. Leonardis, 71 N.J. 85, 92, 363 A.2d 321 (1976) (Leonardis I). See also State v. Wallace, 146 N.J. 576, 581, 684 A.2d 1355 (1996); State v. Lagares, 127 N.J. 20, 28, 601 A.2d 698 (1992); and State v. Bulu, 234 N.J.Super. 331, 341, 560 A.2d 1250 (1989). "Pretrial intervention is a discretionary program diverting criminal defendants from formal prosecution" and "[a]ny defendant charged with a crime is eligible for [the program]." State v. Caliguiri, 158 N.J. 28, 35-36, 726 A.2d 912 (1999). "The [Court Rule] Guidelines and the statute... provide the prosecutor and criminal division manager with specific criteria to apply in reviewing a PTI application." Id. at 36, 726 A.2d 912. "The decision to *1132 grant or deny diversion to a defendant carries with it an obligation to fairly exercise the broad discretion given to the prosecutor, in light of the potential consequences to persons charged with criminal offenses." State v. Maldonado, 314 N.J.Super. 539, 544, 715 A.2d 996 (App. Div.1998). "Therefore, in a number of situations in which the prosecutor is vested with a broad measure of discretion, in order to pass constitutional scrutiny, certain prosecutorial decisions have been held to be subject to judicial review for arbitrariness." Ibid.
"[T]o reverse the denial of an application for PTI[,] a defendant must clearly and convincingly establish that the prosecutor's refusal to consent to admission to the program was based upon a patent and gross abuse of discretion." Id. at 543, 715 A.2d 996. "A `patent and gross abuse of discretion' is more than just an abuse of discretion as traditionally conceived; it is a prosecutorial decision that `has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice required judicial intervention.'" Wallace, supra, 146 N.J. at 582-83, 684 A.2d 1355 (1996) (quoting State v. Ridgway, 208 N.J.Super. 118, 130, 504 A.2d 1241 (Law Div.1985)). "To overturn a prosecutor's decision[,] a party must show that th[e] decision either failed to account for all the relevant factors, was based on irrelevant or inappropriate factors,... or constituted a `clear error in judgment.'" State v. Smith, 92 N.J. 143, 145, 455 A.2d 1117 (1983) (quoting State v. Bender, 80 N.J. 84, 93, 402 A.2d 217 (1979)).
An appellate court's scope of review of a trial court's determination is limited. When the appellate court is satisfied that the findings of the trial court could reasonably have been reached on sufficient, credible evidence in the record, "its task is complete and it should not disturb the result, even though it has the feeling it might have reached a different conclusion were it the trial tribunal." State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964). However, "[a] [motion judge's] interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty v. Manalapan Tp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995).
The State argues for a literal interpretation of the phrase "[s]upervisory treatment may occur only once with respect to any defendant," N.J.S.A. 2C:43-12g (emphasis added), contending that the statute bars any defendant who has previously been admitted into PTI, or its equivalent in another state, even if the act charged in the other state would not constitute a crime in New Jersey. Although when read literally, the statutory language provides some support for the State's argument, we conclude that was not the Legislature's intent when it enacted N.J.S.A. 2C:43-12g.
In construing a statute, the function of a court is to determine the intent of the Legislature and, "generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005). "A clear and unambiguous statute is not open to construction or interpretation...." Watt v. Mayor & Council of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956). "Such a statute is clear in its meaning and no one need look beyond the literal dictates of the words and phrases used for the true intent and purpose in its creation." Ibid. It is not the function of a court to "presume that the Legislature intended something other than that expressed by way of the plain language." O'Connell v. State, 171 N.J. 484, 488, 795 A.2d 857 (2002).
Equally recognizable is the principle that "statutes are to be read *1133 sensibly rather than literally[,] and the controlling legislative intent is to be presumed as `consonant to reason and good discretion.'" Schierstead v. City of Brigantine, 29 N.J. 220, 230, 148 A.2d 591 (1959) (quoting Morris Canal & Banking Co. v. Central R.R. Co. of N.J., 16 N.J.Eq. 419, 428 (Ch. 1863)). Additionally, "where a literal reading of the statute leads to absurd consequences, `the court must restrain the words' and seek the true legislative intent." Id. at 231, 148 A.2d 591 (quoting In re Merrill, 88 N.J.Eq. 261, 273, 102 A. 400 (Prerog.Ct.1917)). Stated another way, "`[w]here a literal rendering will lead to a result not in accord with the essential purpose and design of the act, the spirit of the law will control the letter.'" In re Eligibility of Certain Assistant Union County Prosecutors to Transfer to PFRS, 301 N.J.Super. 551, 558, 694 A.2d 289 (App.Div.1997) (quoting N.J. Builders, Owners and Managers Ass'n v. Blair, 60 N.J. 330, 338, 288 A.2d 855 (1972)) (alteration in original). "We are ... obliged to construe the statute consonant with the breadth of its objectives and the common-sense of the situation." Id. at 559, 694 A.2d 289. In construing a statute, "[w]e should assume the Legislature intended a reasonable approach, and we should construe the statute to provide one if we can." Roman v. Sharper, 53 N.J. 338, 341, 250 A.2d 745 (1969).
We are satisfied that defendant's interpretation of the statute is more consistent with the policies underpinning PTI than that of the State. Generally, the PTI eligibility criteria are intended to be flexible in their application, as "individualized evaluation is at the heart of the program." State v. Mickens, 236 N.J.Super. 272, 277, 565 A.2d 720 (App. Div.1989). The criteria must be applied with the aim of furthering the purposes of PTI, "[to] divert[] eligible defendants out of the criminal process" to the advantage of the defendant, society, and the criminal justice system, ibid.; to deter "future criminal behavior through the receipt of early rehabilitative services;" and to relieve "overburdened criminal calendars." State v. DeMarco, 107 N.J. 562, 566-68, 527 A.2d 417 (1987). See State v. Hoffman, 224 N.J.Super. 149, 156-57, 539 A.2d 1254 (App.Div.1988); see also Leonardis I, supra, 71 N.J. at 100, 363 A.2d 321 (holding that "the eligibility criteria [for PTI] must be both comprehensive and flexible. Narrow and inflexible criteria, which unduly restrict admissions to the program would be self-defeating, and would undermine the efficiency of PTI."). We view the prohibition contained in N.J.S.A. 2C:43-12g as an exception to the general flexible rule governing admission criteria. The statutory bar is applicable to defendants who have already received, at the expense of this State, the benefit of a state-approved diversionary program tailored to the defendant's individual needs. Accordingly, we conclude that the term "[s]upervisory treatment," found in N.J.S.A. 2C:43-12g refers to diversionary programs under N.J.S.A. 2C:43-12 and to conditional discharges under N.J.S.A. 24:21-27, and N.J.S.A. 2C:36A-1, not to diversionary programs under the laws of other states.
Support for our construction of N.J.S.A. 2C:43-12g is found in the PTI Guidelines established by the Supreme Court under Rule 3:28.[4] The State argues that Guideline *1134 3(g) of Rule 3:28 supports its interpretation of the statute asserting that the Guideline contains language similar to the statute under review: "Supervisory treatment may only occur once with respect to any defendant who has previously been enrolled in a program of pretrial intervention or conditionally discharged, N.J.S.A. 24:21-27 or N.J.S.A. 2C:36A-1." We disagree.
The sentence relied upon by the State only lends support to its argument if read in isolation from the remainder of the Guidelines. The next sentence in the same Guideline supports our construction of the statute. The second sentence of the Guideline provides that the term "program of pretrial intervention" means a New Jersey PTI program established under the laws of this State: "All applications for enrollment in a PTI program must proceed in accordance with the rules of the Supreme Court and these Guidelines after reference to the Pretrial Intervention Registry established pursuant to R. 3:28(e) and N.J.S.A. 2C:43-21(a)." Guideline 3(g) of R. 3:28 (emphasis added). It is this State's PTI program that is in accord with the Court Rules, not programs of other states. Also, the "Registry" referenced in the Guideline was established for the purpose of listing defendants who have been enrolled in this State's PTI program. See Rule 3:28(e), providing in pertinent part: "The Administrative Director of the Courts shall establish and maintain a Pretrial Intervention Registry for the purpose of determining applications, enrollments and the degree of completion thereof by a defendant in a program approved by the Supreme Court in accordance with Paragraph (a)." (emphasis added). See also Pressler, Current N.J. Court Rules, comment on Guideline 3(g) (2006), which provides that "Guideline 3(g) creates a bar against admission into a PTI program for those defendants who have previously been diverted under N.J.S.A. 2C:43-12 et seq. or conditionally discharged pursuant to N.J.S.A. 24:21-27 or N.J.S.A. 2C:36A-1." The comment refers to programs established under the laws of New Jersey.
We hold that the Legislative intent in enacting N.J.S.A. 2C:43-12g, is to provide a single opportunity for a defendant to enroll in a PTI program in New Jersey, not to bar an otherwise eligible defendant from PTI solely because he was previously admitted to a pretrial diversionary program in another state. This does not mean that a defendant's prior out-of-state pretrial diversion cannot be taken into consideration when evaluating the defendant for admission into PTI. In an appropriate case, prior admission to an out-of-state diversionary program may be considered as a factor in determining whether the defendant should be admitted, e.g., "[t]he extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior." N.J.S.A. 2C:43-12e(8).
Although the unreported decision of State v. Meehan, supra, is not binding on this court, we did consider the decision, and respectively disagree with its holding "that supervisory treatment which constitutes a bar to a second diversion may be one which is afforded under the law of this State or another State with a comparable program." Id. at 3.
In Meehan, the defendant was indicted for unlawful possession of a weapon without a firearm purchaser identification card, N.J.S.A. 2A:151-41(b).[5] Defendant applied *1135 for acceptance in PTI. The prosecutor rejected defendant's admission to PTI because defendant had previously been arrested in New York, and the charges were dismissed pursuant to a conditional discharge. The prosecutor "reasoned that while the statute[,] [N.J.S.A. 2C:43-12g,] refers to supervisory treatment under New Jersey's statutory provisions, it made no logical difference whether the diversion occurred in this State or in other states." Meehan, supra, slip op. at 2. Defendant appealed, and the trial court reversed directing defendant's admission into PTI agreeing with defendant's argument that since the statute only "referred to prior supervisory treatment under New Jersey law, the New York conditional discharge should not be considered." Ibid. The State appealed, and another panel of this court reversed "conclud[ing] that supervisory treatment which constitutes a bar to a second diversion may be one which is afforded under the law of this State or another State with a comparable program." Meehan, supra, slip op. at 3. In reaching its decision, the Meehan court relied upon this court's prior decision in State v. Collins, 180 N.J.Super. 190, 434 A.2d 628 (App.Div.1981), aff'd, 90 N.J. 449, 448 A.2d 977 (1982), where this court held that a defendant who had previously been diverted under N.J.S.A. 24:21-27 was barred from admission into PTI pursuant to N.J.S.A. 2C:43-12g. We disagree with the Meehan court's interpretation of Collins.
Collins did not address the present issue. The court in Collins construed the statute as barring admission of an individual who had previously received the benefit of a diversionary program under the laws of this State, the then Controlled Dangerous Substance Act referenced in the statute. Collins, supra, 180 N.J.Super. at 205, 434 A.2d 628. We concur with that interpretation of the statute.
We find comfort in the Supreme Court's decision affirming Collins. Collins, supra, 90 N.J. 449, 448 A.2d 977. In discussing enrollment into PTI of an individual who had previously received the benefit of a diversionary program under N.J.S.A. 24:21-27, the Court held: "[t]he Code in section 12(g), explicitly referring to the [Controlled Dangerous Substance] Act's Section 27, bars re-enrollment of anyone previously enrolled either under the Code or under the [Controlled Dangerous Substance] Act." Id. at 453, 448 A.2d 977. Both diversionary programs referenced by the Court are under the laws of this State.
Assuming the State's argument is correct that the statute is meant to bar admission to New Jersey's PTI program of anyone who has previously been diverted into a diversionary program, including those of another state, we determine that the bar would only apply if the act charged in the other state constitutes a crime under the laws of New Jersey. To construe the statute otherwise, could result in disparate treatment between defendants charged with similar acts.
A defendant convicted of driving while intoxicated (DWI), N.J.S.A. 39:4-50(a),[6] in New Jersey may not be barred from PTI solely because of the prior DWI conviction "because motor vehicle violations are not `crimes,' but rather only petty offenses, ... and thus are distinct from violations intended to constitute `offenses' under the New Jersey Code of Criminal Justice." State v. Negran, 178 N.J. 73, 83, 835 A.2d 301 (2003) (quoting State v. Hammond, 118 N.J. 306, 311-12, 571 A.2d 942 (1990)). As such, a prior conviction for DWI would not by itself support a prosecutorial *1136 decision to disqualify a defendant from PTI pursuant to N.J.S.A. 2C:43-12e(9). Ibid. Therefore, if defendant's DUI offense had occurred in New Jersey rather than in Pennsylvania, defendant would not have been charged with a misdemeanor, and would have been eligible for PTI. To deny defendant admission to PTI because his prior DUI conviction occurred in Pennsylvania, where the offense is considered a crime or misdemeanor, subjects defendant to the vagaries of classification of behavior by another state and to disparate treatment, when compared to a defendant charged with DWI in New Jersey, contrary to N.J.S.A. 2C:43-12a(1). Accord Caliguiri, supra, 158 N.J. at 36, 726 A.2d 912 (holding that "any defendant charged with a crime [under the New Jersey Code of Criminal Justice] is eligible for PTI."). See also N.J.S.A. 2C:43-12a(1) (stating that PTI should "[p]rovid[e] applicants, on an equal basis, with opportunities to avoid ordinary prosecution by receiving early rehabilitative services or supervision.").
We reverse the order below, and remand the matter to the prosecutor to consider defendant's admission to PTI under the statutory criteria of N.J.S.A. 2C:43-12(e), the Guidelines, and in accordance with this opinion.
NOTES
[1] Section 3731 was repealed by 2003 Pa. Laws 24, in 2003, and replaced by 75 Pa. Cons.Stat. Ann. § 3802, effective, February 1, 2004.
[2] Under Pennsylvania's ARD program, a defendant is required to: 1) "attend and successfully complete an alcohol highway safety school;" 2) be evaluated "to determine the extent of the defendant's involvement with alcohol or other drug[s][,] and to assist the court in determining what conditions of [ARD] would benefit the defendant and the public;" 3) submit to "a full assessment for alcohol and drug addiction" "[i]f the evaluation indicates there's a need for counseling or treatment;" and 4) "participate and cooperate with a licensed alcohol or drug addiction treatment program," which may include in-patient treatment, if defendant is assessed to be in need of treatment. 75 Pa. Cons.Stat. Ann. § 3807(b)(1)(i), (ii), and (iii).
[3] An unpublished opinion does not constitute precedent, nor is it binding upon this court unless it is required to be followed by reason of "res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." R. 1:36-3.
[4] Court-established PTI pre-existed that established by the 1979 Code of Criminal Justice. Rule 3:28, "originally captioned [`]Defendants' Diversionary Programs, was initially adopted in October 1970, as authority for the vocational-service pretrial intervention program operated by the Newark Defendants Employment Project. That Rule was amended effective September 1973, to include drug and alcoholic detoxification programs.... This Rule became the Pretrial Intervention Rule (PTI) when it was extensively amended effective April 1974, and captioned `Pretrial Intervention Programs.'" Pressler, Current N.J. Court Rules, History and Analysis of Rule Amendments to R. 3:28 (2006) (Gann online). See also Wallace, supra, 146 N.J. at 581-82, 684 A.2d 1355; State v. Nwobu, 139 N.J. 236, 245 (1995).
[5] Currently N.J.S.A. 2C:39-5b.
[6] The offense of DWI in New Jersey is the counterpart to the offense of DUI in Pennsylvania under 75 Pa. Cons.Stat. Ann. § 3802.