**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0236-15T3
            A-0984-15T3
            A-1044-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL J. DIEDUARDO a/k/a MICHAEL
JOHN DIEDUARDO, ANTHONY DIEDUARDO,
JOHN TETELMAN,

    Defendant—Appellant.

_____

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL SHORTER a/k/a MICHAEL SHORTOR,
MICHAEL LAMONT SHORTER, MIKE WILLIAMS,

    Defendant-Appellant.

_____

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARMELO SOTO,

    Defendant-Appellant.

_____

Submitted May 23, 2017 — Decided June 20, 2017

Before Judges Reisner and Rothstadt.

On appeal from Superior Court of New Jersey, Law Division, Warren County, Indictment No. 08-07-0265, Essex County, Indictment No. 11-08-0619, and Somerset County, Indictment No. 14-06-0354.

Joseph E. Krakora, Public Defender, attorney for appellants (Ruth E. Hunter, Designated Counsel, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondents in A-0236-15 and A-1044-15 (Ian C. Kennedy, Deputy Attorney General, of counsel and on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent in A-0984-15 (Carol M. Henderson, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

These three appeals, which we have consolidated for purposes of writing one opinion, raise issues about each defendants' entitlement to jail credits for time spent in out-of-state custody, federal custody, or while on probation in a drug treatment program.[1]  The appeals were filed in reliance upon the Supreme Court's opinion in State v. Hernandez, 208 N.J. 24, 36 (2011),

---

[1]  All of the appeals were originally listed on our Excessive Sentence Oral Argument calendar but then transferred to our plenary calendar for full briefing.

which the Court subsequently modified and clarified in two later cases. See State v. C.H., 228 N.J. 111 (2017) and State v. Joe, 228 N.J. 125 (2017). C.H. addressed jail credits in the context of a court imposing consecutive sentences under two different indictments, C.H., supra, 228 N.J. at 113, and Joe dealt with the issues presented in these appeals, to wit, "whether incarceration outside of New Jersey on out-of-state charges entitles a defendant to jail credit pursuant to Rule 3:21-8." Joe, supra, 228 N.J. at 126. The Court concluded in Joe that incarceration that is not based solely on New Jersey charges does not justify an award of jail credits. Id. at 135. We therefore reach the same conclusion as to defendants' claims in these appeals and affirm. Also, we affirm defendant Soto's sentence despite his arguments on appeal that it was excessive.

We summarize the facts relevant to defendants' contentions. Defendant Michael Shorter pled guilty in 2011 to three counts of an indictment that charged him with third-degree controlled dangerous substance (CDS) distribution offenses. He was sentenced in accordance with his plea agreement to "Drug Court," and he was admitted into the program. Had he not been admitted, he faced five years in prison with a thirty-month parole disqualifier as provided for in his plea agreement. At sentencing, he received

187 days jail credit for time spent in jail from the date of his arrest to sentencing.

Approximately two weeks after being sentenced, Shorter entered an in-patient drug program, but nine days later he absconded. In July 2013, Shorter was arrested and incarcerated in North Carolina on unrelated charges and remained in custody in that state through approximately the end of May 2015. He was later brought before the court in New Jersey, where he was sentenced to the five-year term subject to the thirty-month parole disqualifier stated in his plea agreement. He received additional credit for time spent in jail in New Jersey awaiting sentencing.

Shorter filed a motion for additional jail credits for time served in North Carolina. The court, citing Rule 3:21-8 and State v. Hemphill, 391 N.J. Super. 67, 71 (App. Div.), certif. denied, 192 N.J. 68 (2007), denied the motion, reasoning that because Shorter was in another jurisdiction on charges stemming from the foreign jurisdiction, "credit toward the New Jersey charge does not commence until the local charges are cleared."

Defendant Carmelo Soto pled guilty in May 2015 to various charges, including a weapons charge, relating to a burglary he committed. After pleading guilty, and while out on bail, he was charged by federal authorities with committing a bank robbery and

placed in federal custody.[2] The Law Division later sentenced Soto on the burglary charge, in accordance with his plea agreement, to five years with a forty-two month period of parole ineligibility. The court awarded eighty days of jail credit for time spent in state custody, but refused to allow jail credit for time spent in federal custody.

Defendant Michael Dieduardo pled guilty in May 2015 to a third-degree CDS violation he committed in 2008. After he committed the offense, Dieduardo was imprisoned in New York for approximately 259 days on charges arising in that state. He was sentenced in New Jersey on August 14, 2015, on the CDS charge to three years' probation with time served, concurrent to the period of parole he was serving for his New York offenses. The court refused to allow jail credit for any time Dieduardo spent incarcerated in New York. The court stated, however, that because Dieduardo was being sentenced to a probationary term, rather than prison, the issue of jail credit was not determined, as its application would abide his sentence to prison upon a violation of probation, if any.

On appeal, defendant Dieduardo argues:

---

[2] Soto was initially arrested and placed in county jail. His charges were transferred to federal court, making him a federal prisoner.

DEFENDANT SHOULD HAVE RECEIVED JAIL CREDITS FOR THE TIME HE SPENT IN CUSTODY IN NEW YORK BETWEEN ARREST AND SENTENCING PURSUANT TO [HERNANDEZ, supra, 208 N.J. at 24].

Defendant Shorter argues:

POINT I

DEFENDANT SHOULD HAVE RECEIVED JAIL CREDITS FOR THE TIME HE SPENT IN CUSTODY IN NORTH CAROLINA BETWEEN ARREST AND SENTENCING PURSUANT TO [HERNANDEZ, supra, 208 N.J. at 24].

POINT II

DEFENDANT SHOULD HAVE RECEIVED JAIL CREDITS FROM 10/12/11 TO 10/21/11 FOR THE TIME HE SPENT IN A RESIDENTIAL TREATMENT PROGRAM PURSUANT TO N.J.S.A. 2C:35-14(f)(4).

Defendant Soto argues:

POINT I

DEFENDANT SHOULD HAVE RECEIVED JAIL CREDITS FOR THE TIME HE SPENT IN FEDERAL CUSTODY BETWEEN ARREST AND SENTENCING PURSUANT TO [HERNANDEZ, supra, 208 N.J. at 24].

POINT II

DEFENDANT'S SENTENCE WAS EXCESSIVE. U.S. Const. Amend. VI, XIV, N.J. Const. Art I, ¶¶ 1, 9, 10.

"A challenge to an award or denial of jail credits, as inconsistent with Rule 3:21-8, constitutes an appeal of a sentence 'not imposed in accordance with law.'" State v. DiAngelo, 434 N.J. Super. 443, 451 (App. Div. 2014) (quoting State v. Rippy, 431

6

N.J. Super. 338, 347 (App. Div. 2013), certif. denied, 217 N.J. 284 (2014)).  As such, we review the trial court's decision de novo, according "no special deference to a trial judge's 'interpretation of the law and legal consequences that flow from established facts[.]'"  Ibid. (alteration in original) (quoting State v. McKeon, 385 N.J. Super. 559, 567 (App. Div. 2006)).

Applying this standard, we first turn to defendants' arguments for jail credits for time spent in jurisdictions other than New Jersey.  We conclude from our review that Dieduardo's contention is not ripe for consideration[3] because he may never face imprisonment, which is when the issue of jail credit would need to be addressed.  See R. 3:21-8; State v. Evers, 368 N.J. Super. 159, 170-73 (App. Div. 2004) (stating jail credit is applicable to the term of a custodial sentence and a sentence to probation is not custodial).

As to Soto's and Shorter's contentions, we find them to be without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).  Suffice it to say, the Court made clear in Joe "that defendants who are confined out of state on

---

[3]   See Comm. to Recall Menendez v. Wells, 204 N.J. 79, 99 (2010); see also Hamdan v. Rumsfeld, 548 U.S. 557, 720, 126 S. Ct. 2749, 2847, 165 L. Ed. 2d 723, 832 (2006) (alteration in original) (citation omitted) (stating courts will not resolve claims that are "contingent [upon] future events that may not occur as anticipated, or indeed may not occur at all").

non-New Jersey charges are not entitled to jail credit for time spent in pre-sentence custody." Joe, supra, 228 N.J. at 138. That holding eviscerates defendants' arguments.

We find equally without merit Shorter's contention that he is entitled to jail credit for the time he spent in the drug treatment program. First, Shorter never raised the issue before the sentencing court, and, therefore, it is not amenable to our review. See State v. Harris, 209 N.J. 431, 445 (2012) (stating "[d]efendant may not present entirely new arguments" on appeal); see also State v. Robinson, 200 N.J. 1, 20-22 (2009); Neider v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Second, assuming that, as Shorter alleges, he was sentenced to "Drug Court," under "Track 1," N.J.S.A. 2C:35-14, rather than "Track 2," N.J.S.A. 2C:45-1, he still would not be entitled to jail credit for his nine-day attendance at the in-patient program. There was no evidence that he "satisfactorily complied with the terms and conditions of [Drug Court]," which is a condition to receiving jail credit for time spent in the program. N.J.S.A. 2C:35-14(f)(4).

Finally, we consider Soto's contention that his sentence was excessive because "it was based on aggravating factors not supported by the record." The sentencing court found aggravating factor three, N.J.S.A. 2C:44-1(a)(3) (likelihood that defendant

8

will commit another offense), and factor nine, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others from violating the law). The court also found mitigating factor six, N.J.S.A. 2C:44-1(b)(6) (defendant will compensate the victim of his conduct). After making those findings, the court sentenced Soto in accordance with his plea agreement.

On appeal, Soto takes issue with the trial court rejecting mitigating factor four[4] because, according to Soto, "poverty is clearly a substantial grounds tending to excuse conduct with respect to the offense of burglary." Accordingly, he argues "the record supports a finding under N.J.S.A. 2C:43-6(b) that [he] be sentenced a degree lower." Soto further argues he "was eligible for a waiver of the mandatory minimum parole ineligibility term under the Graves Act waiver provision, N.J.S.A. 2C:43-6.2, as [he] had no prior Graves Act offenses" and, therefore, the court should reduce his parole ineligibility period. We disagree.

Our review of a trial court judge's sentence is limited. "[T]rial judges are given wide discretion so long as the sentence imposed is within the statutory framework." State v. Dalziel, 182 N.J. 494, 500 (2005). If a sentencing court provides the reasons

---

[4]    Mitigating factor four provides, "There were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense[.]" N.J.S.A. 2C:44-1(b)(4).

for its sentence, weighing the appropriate aggravating and mitigating factors, see State v. Kruse, 105 N.J. 354, 363 (1987), we will disturb its determination only if it represents a "clear error of judgment that [] shocks the judicial conscience." State v. Roth, 95 N.J. 334, 364 (1984). In our review, we will presume that "[a] sentence imposed pursuant to a plea agreement is . . . reasonable because a defendant voluntarily '[waived] . . . his right to a trial in return for the reduction or dismissal of certain charges, recommendations as to sentence and the like.'" State v. Fuentes, 217 N.J. 57, 70-71 (2014) (alteration in original) (quoting State v. Davis, 175 N.J. Super. 130, 140 (App. Div.), certif. denied, 85 N.J. 136 (1980)).

Applying this deferential standard, we find Soto's arguments to be without merit as we discern no abuse of the court's discretion or error in judgment in imposing the sentence called for in Soto's plea agreement. There is nothing about the sentence that shocks our judicial conscience.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0236-15T3