660 A.2d 1

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
DARREN JOHNSON, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 24, 1995—Decided June 14, 1995.

Before Judges PETRELLA and BROCHIN.

*Alvin J. McGowen,* Assistant County Prosecutor, argued the cause for appellant (*Maryann Bielamowicz,* Mercer County Prosecutor, attorney; *Mr. McGowen,* of counsel and on the letter brief).

*Charles P. Allen, Jr.,* argued the cause for respondent.

The opinion of the court was delivered by

BROCHIN, J.A.D.

Defendant Darren Johnson was charged with second degree aggravated assault, *N.J.S.A.* 2C:12–1.b.[1]  He thereupon sought to apply to the Mercer County Prosecutor's Office for admission to the Pretrial Intervention Program.  *See N.J.S.A.* 2C:43–12 *et seq.; R.* 3:28 and the guidelines thereunder.  The prosecutor replied:

As you state, and as our records indicate, [defendant] received a conditional discharge for a marijuana offense in 1993.  Pursuant to *R.* 3:28, guideline 3(g), a defendant who has previously received diversionary treatment is ineligible for PTI. Mr. Johnson's conditional discharge would therefore bar his application to the program.

The parties have not identified Mr. Johnson's prior offense except to say that it was a disorderly persons offense for violation of the marijuana laws.  We assume that the offense was a violation of *N.J.S.A.* 2C:35–10a(4).  Defendant received a conditional discharge for that offense pursuant to *N.J.S.A.* 2C:36A–1.

In the present case, the trial court ruled that the prosecutor was required to permit defendant to file his application for admission to the Pretrial Intervention Program and to consider the application on its merits.  The court rejected the prosecutor's argument that any consideration of the application was precluded by *N.J.S.A.* 2C:43–12(g), which states:

Supervisory treatment may occur only once with respect to any defendant and any person who has previously received supervisory treatment under Section 27 of *P.L.*

---

[1] Neither party has supplied us with a copy of the indictment.  Our description of the charge relies on a statement in defendant's brief which the State does not dispute.

1970, c. 226, (C. 24:21–27), shall not be eligible for supervisory treatment under this Section.

*See also* R. 3:28, Guideline 3(g) to the same effect. The rationale for the court's decision was that *N.J.S.A.* 2C:43–12(g) and *R.* 3:28, Guideline 3(g), were no bar because the defendant had been conditionally discharged pursuant to *N.J.S.A.* 2C:36A–1, which is not expressly referred to in *N.J.S.A.* 2C:43–12(g), rather than pursuant to *P.L.*1970, c. 226, § 27 (*N.J.S.A.* 24:21–27, repealed), which *is* expressly referred to.

We granted the prosecutor's application for leave to appeal and we now reverse the order appealed from.

■ *N.J.S.A.* 24:21–27, the statutory section expressly referenced in *N.J.S.A.* 2C:43–12(g) and in *R.* 3:28, Guideline 3(g), was repealed by *L.*1987, c. 106, § 25, effective July 9, 1987. *See note* to *N.J.S.A.* 24:21–27. The disposition table preceding *N.J.S.A.* 2A:21–19 notes that the subject matter of former *N.J.S.A.* 24:21–7 is now covered in *N.J.S.A.* 2C:36A–1. The 1987 legislative commentary appended to *N.J.S.A.* 2C:36A–1 states in part:

This chapter governs the conditional discharge for certain first offenders, and is taken virtually verbatim from existing law found at *N.J.S.A.* 24:21–27.[2]

We construe the language of *N.J.S.A.* 2C:43–12(g) as having been intended to prohibit consideration of defendant Darren Johnson for pretrial intervention because he previously received supervisory treatment pursuant to *N.J.S.A.* 2C:36A–1.

This interpretation is consistent with the language of *N.J.S.A.* 2C:43–12(g). The pertinent proscription is set forth in the first clause of the statutory section, "Supervisory treatment may occur only once with respect to any defendant...." The subsequent clause, "and any person who has previously received supervisory treatment under [*N.J.S.A.* 24:21–27] shall not be eligible for

---

[2] Note that *N.J.S.A.* 2C:36A–1c.(3) expressly makes the provisions of that section unavailable to a person who has "previously received supervisory treatment under Section 27 of *P.L.* 1970, c. 226 C.24:21–27), *N.J.S.A.* 2C:43–12 or the provisions of this chapter," *i.e.*, of *N.J.S.A.* 2C:36A–1.

supervisory treatment under this section," deals with a special case, but does not limit the generality of the first clause.

*R.* 3:28, Guideline 3(h) states that defendants eligible for pretrial intervention or conditional discharge pursuant to *N.J.S.A.* 24:21–27 can be admitted to pretrial intervention programs. With the repeal of *N.J.S.A.* 24:21–27, Guideline 3(h) should have been amended to refer to *N.J.S.A.* 2C:36A–1. The amendment was not made. The obvious explanation for this failure to amend the guideline is inadvertence. We infer that permitting Guideline 3(g) to continue to refer only to *N.J.S.A.* 24:21–27, without mentioning *N.J.S.A.* 2C:36A–1, was also inadvertent, and that it does not reflect a policy choice to allow a second diversion for offenders previously diverted pursuant to *N.J.S.A.* 2C:36A–1.

*State v. Collins,* 90 *N.J.* 449, 448 *A.2d* 977 (1982), which was cited by the Law Division judge, is consistent with our decision. In that case, the Supreme Court affirmed the opinion of this court, *State v. Collins,* 180 *N.J.Super.* 190, 434 *A.2d* 628 (1981). The case before our court dealt with two defendants, Collins' and Melecci. The question in Collins' appeal to our court was "whether a person charged with a drug offense can be granted diversion under the Code of Criminal Justice ... or *R.* 3:28 when *N.J.S.A.* 24:21–27 makes him ineligible for diversion because of his prior conviction on drug charges." 180 *N.J.Super.* at 193, 434 *A.2d* 628. We held that the provisions of the Code and *R.* 3:28, which do not limit pre-trial intervention to first offenders, should prevail and that Collins was eligible for admission to the pretrial intervention program. 180 *N.J.Super.* at 204, 434 *A.2d* 628. The question before us in the Melecci appeal was "whether a person who has previously been diverted may be diverted again despite the prohibition against diverting an offender more than once under Section 27 and Section *N.J.S.A.* 2C:43–12(g)." 180 *N.J.Super.* at 193, 434 *A.2d* 628. We held that he could not be diverted a second time because *N.J.S.A.* 2C:43–12(g) should prevail over the then inconsistent language of *R.* 3:28, Guideline 3(g). The Supreme Court's *Collins* decision deals only with Collins' appeal. The final word on

the subject of Melecci's appeal, which is similar to the issue raised by the present case, is Judge Botter's decision for this court.

■ Melecci had been indicted in May 1979 for distribution of cocaine contrary to *N.J.S.A.* 24:21–19a(1). His application for pretrial intervention was rejected by the program director because of his prior diversion in 1978 under *N.J.S.A.* 24:21–27. The trial judge ruled that Melecci was *not* necessarily ineligible for admission to PTI and ordered the PTI director to process Melecci's application on the merits. Significantly for purposes of our present case, when defendant Melecci made his 1980 application for admission into the PTI program, *R.* 3:28, Guideline 3(g) read:

> Defendants who had previously been enrolled in a program of pretrial intervention under *R.* 3:28 or who had been afforded PTI or conditional discharge pursuant to *N.J.S.A.* 24:21–27 should not *ordinarily* be re-enrolled. [Emphasis added.]

However, *N.J.S.A.* 2C:43–12(g) read, "supervisory treatment, whether under this section or under [*N.J.S.A.* 24:21–27] may occur only once with respect to any defendant. . . ." *L.*1979, *c.* 178, § 88. In other words, Melecci, who had previously been diverted pursuant to *N.J.S.A.* 24:21–27, was potentially eligible for diversion pursuant to *R.* 3:28 but not pursuant to *N.J.S.A.* 2C:43–12(g).[3] We held:

> the Supreme Court's amendment of *R.* 3:28 incorporated code standards of eligibility by reference although court rules would prevail as to purely procedural matters. Thus the trial judge erred in ordering the Sussex County program director to consider Melecci's application for PTI contrary to *N.J.S.A.* 2C:43–12(g). 180 *N.J.Super.* at 205, 434 *A.2d* 628.

For purposes of the present case, the significant holding of our *Collins* opinion is that the ineligibility provisions of *N.J.S.A.* 2C:43–12(g) prevail over those of *R.* 3:28.

A later case, *State v. Sharp*, 208 *N.J.Super.* 496, 506 *A.2d* 375 (1986) deals with the eligibility of an applicant for a conditional discharge under *N.J.S.A.* 24:21–27. The State contended that the defendant in that case was ineligible because he had previously

---

[3] Insofar as pertinent, the form of *N.J.S.A.* 2C:43–12(g) then in effect was the same as it is at the present time. *See L.*1989, *c.* 300, § 22.

been admitted into a pretrial intervention program pursuant to *R.* 3:28. We agreed, stating, "We are convinced that the *Code's* prohibition against rediversion is applicable irrespective of whether the defendant was previously enrolled in a program authorized by *N.J.S.A.* 24:21–27, *N.J.S.A.* 2C:43–12 or *R.* 3:28." *Id.* at 502, 506 *A.2d* 375. We now add that the evident legislative policy against re-enrollment makes the *Code's* prohibition against rediversion applicable to a defendant previously enrolled in a program authorized by *N.J.S.A.* 2C:36A, the successor to *N.J.S.A.* 24:21–27.

Accordingly, the order appealed from is reversed. Defendant is not eligible for admission to a pretrial intervention program.