14 A.3d 56 (2011)
418 N.J. Super. 428
STATE of New Jersey, Plaintiff-Appellant,
v.
Diane O'BRIEN,[1] Defendant-Respondent.
No. A-4190-09T2.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 2010.
Decided February 10, 2011.
*57 Mary R. Juliano, Assistant Prosecutor, argued the cause for appellant (Luis A. Valentin, Monmouth County Prosecutor, attorney; Ms. Juliano and Patricia B. Quelch, Assistant Prosecutor, of counsel, and on the briefs).
John Menzel, Point Pleasant, argued the cause for respondent.
Before Judges FUENTES, GILROY and ASHRAFI.
*58 The opinion of the court was delivered by
GILROY, J.A.D.
The State appeals from the April 23, 2010 order that directed defendant Diane O'Brien's admission into Monmouth County's pretrial intervention (PTI) program over the objection of the County Prosecutor. The question presented is whether a defendant who previously received supervisory treatment under the conditional discharge statute, N.J.S.A. 2C:36A-1, and who later applied for and obtained an order vacating the conditional discharge, may thereafter be admitted into PTI. We conclude that N.J.S.A. 2C:43-12g and Rule 3:28, Guideline 3(g) prohibit any person previously placed into supervisory treatment under the conditional discharge statute from subsequent admission into PTI, whether the conditional discharge is later vacated or not. Accordingly, we reverse.

I.
The facts are not in dispute. On March 18, 1990, defendant was charged in Monroe Township with the disorderly persons offense of possession of marijuana, N.J.S.A. 2C:35-10a(4). On April 26, 1990, defendant applied to the Monroe Township Municipal Court for a conditional discharge pursuant to N.J.S.A. 2C:36A-1. On that day, the court granted the application, placed defendant into supervisory treatment, and imposed appropriate penalties. One year later, having successfully completed her supervisory treatment, the court dismissed defendant's charge.
On October 25, 2008, defendant was arrested in Asbury Park and charged with third-degree possession of a controlled dangerous substance (CDS) (methamphetamine), N.J.S.A. 2C:35-10a(1). On March 18, 2009, a grand jury indicted defendant on the CDS offense. In December 2009, defendant filed a petition for "post-disposition relief" in the Monroe Township Municipal Court, seeking to vacate the conditional discharge. Defendant contended that at the time of her conditional discharge application, "she did not have the benefit of legal counsel, nor . . . a full understanding and appreciation of the consequences of [that] disposition or [of] her procedural rights to contest the charge as originally issued." On January 14, 2010, the municipal court entered an order granting defendant's request to vacate her conditional discharge, and restoring the matter to the active trial calendar. On the same day, defendant pled guilty to the charge, and the court imposed appropriate fines and penalties.
In January 2010, defendant filed an application seeking admission into Monmouth County's PTI program. On March 1, 2010, the PTI investigator recommended that defendant's application be denied because defendant had previously received a conditional discharge. On March 19, 2010, the prosecutor concurred with the investigator's recommendation and rejected defendant's application. In so doing, the prosecutor stated:
[Defendant's] motion to vacate the prior conditional discharge was done solely in anticipation of now being accepted into PTI. Because she previously received the benefit [of] a conditional discharge, she should not now be given the benefit of PTI. The [S]tate agrees with the PTI investigator and rejects the defendant's application.
Defendant appealed. On April 23, 2010, the trial court entered an order supported by an oral decision that granted defendant's admission into PTI. In determining that the prosecutor's decision was a "patent and gross" abuse of discretion, the court reasoned, in relevant part, that for defendant to have been deemed ineligible *59 for admission into PTI pursuant to Rule 3:28, Guideline 3(g) she must have been "conditionally discharged," not merely placed into supervisory treatment under N.J.S.A. 2C:36A-1. The court determined that the municipal court's January 14, 2010 order rendered the 1990 conditional discharge a legal nullity, and as such, "it [could not] be properly stated that . . . defendant was previously `conditionally discharged'" as that phrase is used in Rule 3:28, Guideline 3(g). Accordingly, the court concluded that the prosecutor improperly relied upon defendant's prior conditional discharge in denying her admission into PTI.
The State asserts the court mistakenly construed the phrase "conditionally discharged" in Rule 3:28, Guideline 3(g) as meaning that an individual receives a conditional discharge when the underlying disorderly persons offense is dismissed, rather than when the individual is placed into supervisory treatment pursuant to N.J.S.A. 2C:36A-1. Alternatively, the State argues that even if ambiguities exist in the language contained in Rule 3:28, Guideline 3(g), defendant is barred from PTI pursuant to N.J.S.A. 2C:43-12g. The State contends that the ineligibility provision contained in N.J.S.A. 2C:43-12g prevail over those of Rule 3:28.[2] We agree.

II.
PTI "represents a procedural alternative to the traditional system of prosecuting and incarcerating criminal suspects, and was intended as a response to deficiencies in that system." State v. Leonardis, 71 N.J. 85, 92, 363 A.2d 321 (1976). The program is governed by statute and court rule. N.J.S.A. 2C:43-12; R. 3:28. "Pretrial intervention is a discretionary program diverting criminal defendants from formal prosecution," and "[a]ny defendant charged with a crime is eligible for [the program]." State v. Caliguiri, 158 N.J. 28, 35-36, 726 A.2d 912 (1999). However, because PTI is discretionary, not every defendant is entitled to admission into the program. R. 3:28, Guideline 2.
"[T]o reverse the denial of an application for PTI[,] a defendant must clearly and convincingly establish that the prosecutor's refusal to consent to admission to the program was based upon a patent and gross abuse of discretion." State v. Maldonado, 314 N.J.Super. 539, 543, 715 A.2d 996 (App.Div.1998). "[A] `patent and gross abuse of discretion' is more than just an abuse of discretion as traditionally conceived; it is a prosecutorial decision that `has gone so wide of the mark sought to be accomplished by PTI *60 that fundamental fairness and justice require judicial intervention.'" Ibid. (quoting State v. Wallace, 146 N.J. 576, 582-83, 684 A.2d 1355 (1996)). "To overturn a prosecutor's decision[,] a party must show that [the] decision either failed to account for all the relevant factors, was based on irrelevant or inappropriate factors, or constituted a `clear error in judgment.'" State v. Smith, 92 N.J. 143, 145, 455 A.2d 1117 (1983) (quoting State v. Bender, 80 N.J. 84, 93, 402 A.2d 217 (1979)). For a prosecutor's abuse of discretion, "to rise to the level of `patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention." Bender, supra, 80 N.J. at 93, 402 A.2d 217 (quoting State v. Leonardis, 73 N.J. 360, 382, 375 A.2d 607 (1977)).
Defendant seeks to exploit what she believes is an ambiguity in Rule 3:28 that allowed her to take advantage of the conditional discharge diversionary program under N.J.S.A. 2C:36A-1, have the order granting the conditional discharge vacated, and then take advantage of a second diversionary program under PTI. As noted by the trial court, the timing of defendant's motion to vacate the 1990 dismissal just before submitting her PTI application "is not a coincidence." Nevertheless, the court allowed defendant to take advantage of PTI after having previously benefited from the prior diversionary program, contravening what we determine is part of the public policy underlying PTI.
The trial court found that the prosecutor's reliance on defendant having "previously received the benefit [of] a conditional discharge" constituted a patent and gross abuse of discretion. In reaching that determination, the court construed Rule 3:28, Guideline 3(g) as barring those individuals from PTI whose prior CDS offenses were dismissed at the completion of their supervisory treatment under N.J.S.A. 2C:36A-1, not those who had been placed into supervisory treatment under the conditional discharge statute, whether or not they successfully completed supervisory treatment. The court deemed the municipal court's vacation of defendant's prior conditional discharge as placing defendant in the same position as if she had never been placed into supervisory treatment under the conditional discharge statute. Absent from the trial court's analysis, however, is consideration of the effect of N.J.S.A. 2C:43-12g.
This appeal requires us to construe N.J.S.A. 2C:36A-1, N.J.S.A. 2C:43-12g, and Rule 3:28, Guideline 3(g), and the legal effect of the municipal court's January 14, 2010 order that vacated defendant's conditional discharge. Accordingly, our standard of review is de novo. See State v. Gandhi, 201 N.J. 161, 176, 989 A.2d 256 (2010) (holding that "[a] reviewing court is neither bound by, nor required to defer to, the legal conclusions of a trial . . . court").
Because the question presented turns in part on construction of two statutes and a court rule, we first review the general principles governing that task. In construing a statute, the role of the court is to determine the intent of the Legislature. Ibid. Generally, the best indicator of that intent is the statutory language itself. Ibid. In deciphering the Legislature's intent, "[w]e apply to the statutory terms the generally accepted meaning of the words used by the Legislature." Patel v. N.J. Motor Vehicle Comm'n, 200 N.J. 413, 418, 982 A.2d 445 (2009); see also N.J.S.A. 1:1-1. It is not the function of a court to "presume that the Legislature intended something other than that expressed by way of the plain language." O'Connell v. State, 171 N.J. 484, 488, 795 A.2d 857 (2002).
*61 "`A clear and unambiguous statute is not open to construction or interpretation.'" Carlson v. City of Hackensack, 410 N.J.Super. 491, 495, 983 A.2d 203 (App. Div.2009) (quoting Watt v. Mayor & Council of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956)). "If the plain language leads to a clear and unambiguous result, then our interpretive process is over." Gandhi, supra, 201 N.J. at 177, 989 A.2d 256. Only if the statutory language is ambiguous and open to more than one interpretation should the court look to extrinsic evidence. Ibid. In interpreting a court rule, we generally employ the same principles of statutory construction. Hopewell Valley Citizens' Group, Inc. v. Berwind Property Group Dev. Co., 204 N.J. 569, 577-78, 10 A.3d 211 (2011).
Conditional discharges are codified in N.J.S.A. 2C:36A-1, which provides in relevant part:
a. Whenever any person who has not previously been convicted of . . . a disorderly persons or petty disorderly persons offense defined in chapter 35 or 36 of this title or, . . . under any law of the United States, this State or any other state relating to marijuana. . . is charged with or convicted of any disorderly persons offense or petty disorderly persons offense under chapter 35 or 36 of this title, the court upon notice to the prosecutor and subject to subsection c. of this section, may on motion of the defendant or the court:
(1) Suspend further proceedings and with the consent of the person after reference to the State Bureau of Identification criminal history record information files, place him under supervisory treatment upon such reasonable terms and conditions as it may require. . . .
. . . .
b. In no event shall the court require as a term or condition of supervisory treatment under this section, referral to any residential treatment facility for a period exceeding the maximum period of confinement prescribed by law for the offense for which the individual has been charged or convicted, nor shall any term of supervisory treatment imposed under this subsection exceed a period of three years. . . .
. . . .
. . . [U]pon fulfillment of the terms and conditions of supervisory treatment the court shall terminate the supervisory treatment and dismiss the proceedings against him. Termination of supervisory treatment and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities, if any, imposed by law upon conviction of a crime or disorderly persons offense but shall be reported by the clerk of the court to the State Bureau of Identification criminal history record information files. Termination of supervisory treatment and dismissal under this section may occur only once with respect to any person. Imposition of supervisory treatment under this section shall not be deemed a conviction for the purposes of determining whether a second or subsequent offense has occurred under . . . chapter 35 or 36 of this title or any law of this State.
c. Proceedings under this section shall not be available to any defendant unless the court in its discretion concludes that:
. . . .
(3) The person has not previously received supervisory treatment under *62 . . . N.J.S.[A.] 2C:43-12, or the provisions of this chapter.
PTI is governed by statute and court rule. N.J.S.A. 2C:43-12 to 2C:43-22; R. 3:28. N.J.S.A. 2C:43-12g and Rule 3:28, Guideline 3(g) bar certain persons from admission into PTI. N.J.S.A. 2C:43-12g provides:
Supervisory treatment may occur only once with respect to any defendant and any person who has previously received supervisory treatment under section 27 of P.L.1970, c. 226 [N.J.S.A. 24:21-27], shall not be eligible for supervisory treatment under this section. However, supervisory treatment, as provided herein, shall be available to a defendant irrespective of whether the defendant contests his guilt of the charge or charges against him.[3]
Rule 3:28, Guideline 3(g) provides in relevant part:
Supervisory treatment may occur only once with respect to any defendant who has previously been enrolled in a program of pretrial intervention or conditionally discharged pursuant to N.J.S.A. 24:21-27 or N.J.S.A. 2C:36A-1.
The Legislature's incorporation of PTI into the Code "is all-encompassing, seeming to respond to [the Supreme Court's] invitation to occupy the field." State v. Collins, 90 N.J. 449, 452, 448 A.2d 977 (1982). The declared public policy in providing diversionary supervisory treatment through PTI is that: "supervisory treatment should ordinarily be limited to persons who have not previously been convicted of any criminal offense under the laws of New Jersey . . . when supervisory treatment would . . . [p]rovide deterrence of future criminal or disorderly behavior by an applicant in a program of supervisory treatment." N.J.S.A. 2C:43-12a. In furtherance of that public policy, N.J.S.A. 2C:43-12g provides in pertinent part, "[s]upervisory treatment may only occur once with respect to any defendant and any person who has previously received supervisory treatment under section 27 of P.L.1970, c. 226 [N.J.S.A. 24:21-27], shall not be eligible for [PTI]." Similarly, under Rule 3:28, Guideline 3(g), "supervisory treatment may occur only once with respect to any defendant who has previously been enrolled in a program of pretrial intervention or conditionally discharged pursuant to N.J.S.A. 24:21-27 or N.J.S.A. 2C:36A-1."
We acknowledge that latent ambiguities exist between N.J.S.A. 2C:43-12g and Rule 3:28, Guideline 3(g). The statute bars anyone from admission into PTI who previously received supervisory treatment under N.J.S.A. 24:21-27, the predecessor to N.J.S.A. 2C:36A-1; the rule bars anyone either previously enrolled in PTI or conditionally discharged pursuant to N.J.S.A. 24:21-27 or N.J.S.A. 2C:36A-1. We conclude, however, that the difference between the language contained in the statute and the rule does not demand a different result. Rather, because the diversionary program under the conditional discharge statute and the diversionary program under the PTI statute and court rule "generally mirror[ ]" each other, State v. Nwobu, 139 N.J. 236, 245, 652 A.2d 1209 (1995), the statutes and court rule should be read in harmony. Moreover, if a discrepancy exists between the PTI statute *63 and court rule concerning a defendant's eligibility for PTI, "the ineligibility provisions of N.J.S.A. 2C:43-12[g] prevail over those of [Rule ] 3:28." State v. Johnson, 282 N.J.Super. 296, 300, 660 A.2d 1 (App. Div.1995).
Accordingly, we hold that where an individual is placed into supervisory treatment under the conditional discharge statute, N.J.S.A. 2C:36A-1, that person is prohibited from later entering into PTI, whether the conditional discharge is later vacated or not. Simply stated, it is the fact that the individual previously received supervisory treatment which prohibits him or her from re-enrollment into another diversionary program under PTI. See State v. McKeon, 385 N.J.Super. 559, 571, 897 A.2d 1127 (App.Div.2006) ("[T]he [l]egislative intent in enacting N.J.S.A. 2C:43-12g, [was] to provide a single opportunity for a defendant to enroll in a PTI program in New Jersey."); see also State v. Collins, 180 N.J.Super. 190, 205, 434 A.2d 628 (App.Div.1981), aff'd, 90 N.J. 449, 448 A.2d 977 (1982).
In Collins, on a consolidated appeal, we addressed the State's appeals from two trial court orders admitting defendants Ronald Collins and Alfred Melecci into PTI over the Sussex County Prosecutor's objections. Collins, supra, 180 N.J.Super. at 193, 434 A.2d 628. The facts in each appeal differed. Id. at 193-94, 434 A.2d 628.
In February 1979, a grand jury indicted Collins for possession of cocaine, N.J.S.A. 24:21-19. Id. at 193, 434 A.2d 628. Because of a prior conviction for a CDS offense, the prosecutor denied the defendant's application for PTI. Ibid. The prosecutor reasoned that the then-absolute bar against diversion of second offenders under N.J.S.A. 24:21-27 also applied to defendant's application for admission into PTI. Id. at 204, 434 A.2d 628. The trial court overruled the prosecutor's objection and ordered defendant into PTI. Id. at 194, 434 A.2d 628. We reversed, determining that second offenders were not automatically barred from PTI, id. at 204, 434 A.2d 628, but rather, the prosecutor's rejection of someone who has previously been convicted of an indictable drug offense should be given great weight by the trial court. Ibid.
On appeal, the Supreme Court affirmed. 90 N.J. at 455-56, 448 A.2d 977. In affirming, the Court held that N.J.S.A. 2C:43-12g did not prohibit second offenders from admission into PTI. Rather, the court concluded the statute barred from re-enrollment into PTI's diversionary program anyone previously enrolled either under N.J.S.A. 2C:43:12g or the then CDS Act, N.J.S.A. 24:21-27. Id. at 453, 448 A.2d 977.
As previously stated, in Collins we also addressed the State's appeal from the trial court's ordering admission of defendant Melecci into PTI. 180 N.J.Super. at 193, 434 A.2d 628. Contrary to Collins, however, Melecci was denied admission into PTI by the prosecutor because he had been previously diverted pursuant to N.J.S.A. 24:21-27. Id. at 194, 434 A.2d 628. We reversed the trial court's ruling and held that Melecci could not again be diverted under either N.J.S.A. 24:21-27 or N.J.S.A. 2C:43-12g. Id. at 205, 434 A.2d 628. We also determined that "if [Rule ] 3:28 governs, Melecci would be eligible for diversion under Guideline 3(g)," which, at that time, "merely inveigh[ed] against a second diversion, saying that persons previously enrolled in PTI pursuant to [Rule ] 3:28 or Section 27 `should not ordinarily be re-enrolled.'" Ibid. (quoting former Rule 3:28, Guideline 3(g)).[4]
*64 In Sharp, the defendant was charged with possession of a CDS, N.J.S.A. 24:21-20a(1). 208 N.J.Super. at 498, 506 A.2d 375. Because defendant had previously been admitted into PTI pursuant to Rule 3:28 in 1974 following arrest for possession of a stolen automobile, the prosecutor argued against defendant's application for admission into supervisory treatment under N.J.S.A. 24:21-27. Ibid. The trial court denied the application. Id. at 498-99, 506 A.2d 375. We affirmed. Id. at 498, 506 A.2d 375. In so doing, we noted that "in enacting N.J.S.A. 2C:43-12g our Legislature intended to bar enrollment by anyone previously diverted under the [Code], the Controlled Dangerous Substances Act or [Rule ] 3:28." Id. at 499, 506 A.2d 375; accord Johnson, supra, 282 N.J.Super. at 300-01, 660 A.2d 1; Pressler & Verniero, Current N.J. Court Rules, comment on R. 3:28, Guideline 3 (2011) (providing that "Guideline 3(g) creates a bar against admission into a PTI program for those defendants who have previously been diverted under N.J.S.A. 2C:43-12 et seq. or conditionally discharged pursuant to N.J.S.A. 24:21-27 or N.J.S.A. 2C:36A-1"); Cannel, supra, comment 2 on N.J.S.A. 2C:43-12 (2010) (stating "[s]ubsection g limits PTI to defendants who have not previously been diverted under PTI or drug supervisory treatment").
The trial court found that defendant's prior placement into supervisory treatment under the conditional discharge statute was "an inappropriate factor for the prosecutor to consider," and that the prosecutor was seeking to penalize defendant for attempting to circumvent the bar on re-diversion. We disagree. The trial court did not apply the proper standard of review. The court did not articulate how the prosecutor's decision rose to the level of a "patent and gross abuse of discretion" by "clearly subvert[ing] the goals underlying Pretrial Intervention." Bender, supra, 80 N.J. at 93, 402 A.2d 217.
We conclude that denying defendant admission into PTI, even though her prior conditional discharge under N.J.S.A. 2C:36A-1 had been vacated, is consistent with the legislative intent to bar re-diversion under New Jersey's diversionary programs. Defendant has once benefited from a conditional discharge. She was placed into supervisory treatment in 1990. For twenty years, defendant's criminal record did not disclose that she had been arrested for the disorderly persons offense of possession of marijuana. N.J.S.A. 2C:36A-1b. Defendant now seeks the benefit of PTI as a result of her indictment for a drug offense, the very type of offense for which she received the prior conditional discharge. The goals underlying pretrial interventionto deter future criminal conduct and to provide a one-time diversion from prosecutionare not subverted by the prosecutor's decision. Moreover, while it may be that, as a matter of law, defendant's conditional discharge for possession of marijuana "never happened," it does not follow that it never happened as a matter of fact.
Reversed and remanded for trial.
NOTES
[1] The record reflects that defendant is also known as Diane Lynn O'Brien, Diane Michonski, Diane Volta and Diane L. Michonski.
[2] The State also argues that the municipal court order vacating defendant's conditional discharge was void ab initio as contrary to law and public policy. Although we have grave concern concerning the authority of a municipal court to enter an order vacating a twenty-year-old conditional discharge, State v. Dylag, 267 N.J.Super. 348, 349, 631 A.2d 588 (Law Div.1993), because the State did not appeal from the order, we decline to address the argument on its merits. In declining to address the argument, we note that defense counsel did not serve a copy of the post-disposition relief petition upon the county prosecutor, only upon the municipal prosecutor. Because the petition was filed in the municipal court with a view that, if granted, defendant would then seek PTI contending that she never received a prior conditional discharge, we determine that under such circumstances counsel should have also served a copy of the petition upon the county prosecutor. See Rule 1:5-1(b) (providing that "[i]n criminal actions, unless otherwise provided by rule or court order, written motions . . . shall be served upon all attorneys of record in the action . . . and upon such other agencies of government as may be affected by the relief sought"). Certainly, the county prosecutor had an interest in the outcome of the municipal court petition.
[3] N.J.S.A. 24:21-27 was repealed and superseded by N.J.S.A. 2C:36A-1. That latter statute, however, is restricted to persons charged with disorderly or petty disorderly drug or drug-related offenses under Titles 35 and 36 of the New Jersey Code of Criminal Justice (the Code). Persons charged with crimes under Titles 35 or 36 of the Code may seek to avoid prosecution under the pretrial intervention statute, N.J.S.A. 2C:43-12. See Cannel, New Jersey Criminal Code Annotated, comment 1 on N.J.S.A. 2C:36A-1 (2010).
[4] Rule 3:28, Guideline 3(g) was subsequently amended to create "an absolute bar against re-enrollment" of anyone previously enrolled in a diversionary program pursuant to N.J.S.A. 24:21-27 or Rule 3:28. State v. Sharp, 208 N.J.Super. 496, 499, 506 A.2d 375 (App.Div.1986).