**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4474-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL A. WYTANIS, JR.,

     Defendant-Appellant.

_____

Argued October 11, 2018 – Decided October 31, 2018

Before Judges Nugent and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 16-04-0730.

Alan L. Zegas argued the cause for appellant (Law Offices of Alan L. Zegas, attorneys; Alan L. Zegas and Joshua M. Nahum, on the briefs).

Cheryl L. Hammel, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, on the brief).

PER CURIAM

Defendant Michael A. Wytanis, Jr. appeals from a May 9, 2017 judgment finding him ineligible for admission to pre-trial intervention (PTI). We affirm.

The following facts are taken from the record. In 2005, defendant's driver's license was suspended for a period of ten years due to multiple DUI convictions. In 2012, in an effort to circumvent the suspension, defendant affixed his picture to his deceased brother's identification in order to obtain a New Jersey driver's license. Facial recognition software revealed the discrepancy. As a result, a complaint-summons charged defendant with knowingly exhibiting, displaying, or uttering personal identifying information of another to obtain a New Jersey digital driver's license, N.J.S.A. 2C:21-17.2(a); knowingly uttering a writing of another without authorization, which he knew to be forged and which is or purports to be a part of an issue of money, securities, postage or revenue stamps, or other instruments, certificates or licenses issued with the purpose to defraud or injure, N.J.S.A. 2C:21-1(a)(3); and tampering with public records or information with the purpose to defraud or injure the New Jersey Motor Vehicle Commission, N.J.S.A. 2C:28-7(a)(1). Relevant to this appeal, the first charge is a second-degree offense.

A-4474-16T3

Defendant completed an application for admission to the PTI program. The Ocean County PTI director denied the application. The rejection letter noted defendant had

> reported [four] previous DUI's: [September] 1987, [April] 1997, [July] 1999 and [July] 2005. [Defendant] reportedly "tried valium [five] or [six] times" from 1978-1979, used cocaine on [five] or [six] occasions between 1983-1985, smoked marijuana socially from [his] teens until [February] 1990 and tried mescaline "once in 1982 while in the Navy."

Additionally, the letter stated defendant indicated he sought treatment for his marijuana use in 1985 and alcohol in 1999. The letter gave positive weight to defendant's willingness to comply with the terms of PTI, but denied his application "after full consideration of all relevant factors[.]"

The PTI rejection also noted defendant had received a conditional discharge in a municipal court matter in 1988, related to a marijuana possession charge. The conditional discharge stemmed from defendant's arrest following a traffic stop, during which marijuana was discovered in the glove compartment of his vehicle. The municipal court records from this traffic stop revealed defendant was charged with several offenses, including marijuana possession, but had received a conditional discharge.

A-4474-16T3

Defendant contended the conditional discharge erroneously appeared on his record. He claimed he had no recollection of the disposition or appearing in municipal court to answer the charge, and claimed he did not receive any supervisory treatment as a result of the disposition. Defendant contended the charge was dismissed without condition. Defendant sought post-conviction relief in municipal court, which in turn vacated the conditional discharge. The municipal court concluded "the court records documenting [the conditional discharge] may have been entered in error."

Defendant informed the PTI director the conditional discharge had been vacated by the municipal court. The PTI director indicated the vacated discharge had no legal significance with respect to PTI eligibility, concluded defendant had been previously diverted pursuant to Rule 3:23-3(g), and was ineligible for PTI.

Defendant did not appeal the PTI determination. Instead, he pled guilty to third-degree wrongful impersonation, N.J.S.A. 2C:21-17(a)(1). He did not seek to withdraw his plea. Instead, at his sentencing, defendant requested the judge reconsider his eligibility and admit him to PTI. Notwithstanding the procedurally unique nature of defendant's motion, the sentencing judge addressed it and found him ineligible for PTI because his guilty plea had not

been vacated and he had previously received a conditional discharge. Defendant was sentenced to one year of non-custodial probation, assessed a fine, and required to complete ten hours of community service. This appeal followed.

Defendant raises the following arguments on appeal:

POINT ONE

THE COURT ERRED IN DISREGARDING THE FINDINGS OF THE MUNICIPAL COURT THAT A CONDITIONAL DISCHARGE HAD LIKELY NOT OCCURRED.

POINT TWO

THE COURT ERRED IN FINDING THAT A CONDITIONAL DISCHARGE WITHOUT ANY SUPERVISORY TREATMENT IS AN ABSOLUTE BAR TO ENTRY INTO PTI.

POINT THREE

THE COURT ERRED IN FINDING THAT A VACATED ERRONEOUS CONDITIONAL DISCHARGE IS AN ABSOLUTE BAR TO ENTRY INTO PTI.

POINT FOUR

THE COURT ERRED BY FINDING THAT ENTRY OF A GUILTY PLEA IS A BAR TO AN APPEAL OF A PTI DENIAL.

A-4474-16T3

# I.

The decision to admit a defendant to PTI is a "quintessentially prosecutorial function." State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). Therefore, the prosecutor's decision to grant or deny a defendant's PTI application is entitled to great deference. Ibid. (citing State v. Leonardis, 73 N.J. 360, 381 (1977)). A trial judge may overrule a prosecutor's PTI determination "only when the circumstances 'clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion.'" Id. at 624-25 (alteration in original) (quoting Wallace, 146 N.J. at 582).

To establish a "patent and gross abuse of discretion," a defendant must show the prosecutor's decision "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment" and "that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Id. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)). The prosecutorial decision must be "so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention."

A-4474-16T3

<u>Wallace</u>, 146 N.J. at 582-83 (quoting <u>State v. Ridgway</u>, 208 N.J. Super. 118, 130 (Law Div. 1985)).

"Thus, the scope of review is severely limited." <u>State v. Waters</u>, 439 N.J. Super. 215, 225 (App. Div. 2015) (quoting <u>State v. Negran</u>, 178 N.J. 73, 82 (2003)). "Reviewing courts must accord the prosecutor 'extreme deference.'" <u>Id.</u> at 225-26 (quoting <u>State v. Nwobu</u>, 139 N.J. 236, 246 (1995)). "We must apply the same standard as the trial court. Therefore, we review the [trial court's ruling] of the prosecutor's decision de novo." <u>Id.</u> at 226.

## II.

Defendant claims the sentencing judge erred because she disregarded the municipal court findings, which vacated the conditional discharge. He argues the municipal court's decision should be afforded greater deference because it found defendant credible and "acknowledged the infirmity in the municipal courts [sic] own records, and ultimately vacated the conditional discharge because the 'court records documenting [the conditional discharge] may have been entered in error.'"

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" <u>Roseman</u>, 221 N.J. at 621 (quoting <u>Nwobu</u>,

139 N.J. at 240). "[A]cceptance into PTI is dependent upon an initial recommendation by the [c]riminal [d]ivision [m]anager and consent of the prosecutor. The assessment of a defendant's suitability for PTI must be conducted under the [g]uidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Ibid. Absent evidence to the contrary, a reviewing court should assume the prosecutor's office has considered all relevant factors in reaching its PTI determination. Nwobu, 139 N.J. at 249 (citing State v. Dalglish, 86 N.J. 503, 509 (1981).

Additionally, N.J.S.A. 2C:43-12(g)(1) limits PTI eligibility for those having previously received a conditional discharge pursuant to N.J.S.A. 2C:36A-1. Importantly, the statute contemplates an individual may only receive supervisory treatment once. Ibid. "A defendant charged with a first or second degree offense . . . should ordinarily not be considered for enrollment in a PTI program except on joint application by the defendant and the prosecutor." Pressler & Verniero, Current N.J. Court Rules, § 3:28-1, 1308-¶0.47 (2018) (e-book). Notwithstanding this presumption, the guidelines establish the procedure for review of the PTI application:

> [I]n such cases, the applicant shall have the opportunity
> to present to the criminal division manager, and through
> the criminal division manager to the prosecutor, any
> facts or materials demonstrating the applicant's

amenability to the rehabilitative process, showing compelling reasons justifying the applicant's admission and establishing that a decision against enrollment would be arbitrary and unreasonable.

[Ibid.]

Defendant does not challenge the denial of PTI on the basis of the N.J.S.A. 2C:43-12(e) factors. Instead, he argues the sentencing judge erred holding he was ineligible for PTI because he never received supervisory treatment. We disagree.

Contrary to defendant's argument, the sentencing judge was not required to defer to the municipal court determination. Rather, the judge found the vacation of the conditional discharge had no legal significance to defendant's PTI eligibility "because the original grant of a conditional discharge in 1988 bars him from PTI regardless of whether the conditional discharge has been wiped away by a 2016 [m]unicipal [c]ourt [o]rder twenty-seven years later."

The judge relied on our holding in State v. O'Brien, 418 N.J. Super. 428 (App. Div. 2011). There we reversed an order granting a defendant's admission to PTI where the defendant had vacated the record of an earlier conditional discharge. Id. at 430-31. We held "where an individual is placed into supervisory treatment under the conditional discharge statute, N.J.S.A. 2C:36A-

1, that person is prohibited from later entering into PTI, whether the conditional discharge is later vacated or not." Id. at 438. We concluded

> denying defendant admission into PTI, even though her prior conditional discharge . . . had been vacated, is consistent with the legislative intent to bar re-diversion under New Jersey's diversionary programs. Defendant has once benefited from a conditional discharge. She was placed into supervisory treatment in 1990. For twenty years, defendant's criminal record did not disclose that she had been arrested for the disorderly persons offense of possession of marijuana. N.J.S.A. 2C:36A-1(b). Defendant now seeks the benefit of PTI as a result of her indictment for a drug offense, the very type of offense for which she received the prior conditional discharge. The goals underlying pretrial intervention—to deter future criminal conduct and to provide a one-time diversion from prosecution—are not subverted by the prosecutor's decision. Moreover, while it may be that, as a matter of law, defendant's conditional discharge for possession of marijuana "never happened," it does not follow that it never happened as a matter of fact.
>
> [Id. at 441.]

Here, relying on the holding in O'Brien, 418 N.J. Super. at 438, the judge found

> where an individual is placed into supervisory treatment under the conditional discharge statute that person is prohibited from later entering into PTI, whether the conditional discharge is later vacated or not. Simply stated, it is the fact that the individual previously received supervisory treatment that prevents

10

him or her from re-enrollment into another diversionary program [under PTI].

The judge concluded defendant had received a conditional discharge in 1988, and the fact it was later vacated "does not in any way negate the statutory prohibition on having two diversionary dispositions." We have no reason to second guess the judge's findings regarding the conditional discharge. Regardless of defendant's claim he was never placed into supervisory treatment, he nonetheless benefited from the conditional discharge for nearly three decades.

Moreover, the PTI director's letter set forth defendant's history of substance abuse, including four DUIs as part of the decision to deny him admission to the program. Although the letter indicated the conditional discharge as a reason for rejection, it was only one factor in the determination. Also, defendant does not dispute he presented no evidence to rebut the presumption of ineligibility for PTI on account of being charged with a second-degree crime. Therefore, the sentencing judge did not abuse her discretion by denying defendant admission to PTI.

III.

Lastly, defendant argues the judge erred when she cited his failure to vacate the guilty plea as a reason to deny admission to PTI. Defendant cites

State v. Moraes-Pena, 386 N.J. Super. 569, 578-80 (App. Div. 2006), to support the claim "a defendant does not waive his rights to appeal a PTI denial by entering a guilty plea."

Defendant's reliance on Moraes-Pena is misplaced. Although we held a guilty plea is not a bar to an appeal of a PTI rejection, we noted the guidelines required "the issue concerning enrollment into PTI shall be resolved before or at the pretrial conference, and in any event, before a plea or verdict." Id. at 578 (citing Pressler & Verniero, Current N.J. Court Rules, Guideline 6, following R. 3:28 at 971 (2006)). Indeed, since our decision in Moraes-Pena, Rule 3:28-2 now expressly provides "[a]pplications for pretrial intervention shall be made at the earliest possible opportunity, including before indictment, but in any event no later than the Initial Case Disposition Conference, unless good cause is shown or consent by the prosecutor is obtained." Additionally, Rule 3:28-6(d) provides the denial of an application for admission in PTI remains appealable from a judgment of conviction "notwithstanding that such judgment is entered following a plea of guilty."

Defendant failed to appeal his conviction. Moraes-Pena requires no less. The trial judge did not err by concluding accordingly.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12                                                          A-4474-16T3